[Southern Car and Foundry Co. v. State of Alabama.]

# Southern Car and Foundry Co. *v.* State of Alabama.

## *Action to recover License Tax.*

1. *Action for license tax; sufficiency of plea.*—In an action to recover a license or privilege tax, a plea which avers that the defendant "procured a license from the proper authorities to do business in Alabama for the time mentioned in the complaint," is bad and subject to demurrer, in that it does not aver in said plea that the license alleged to have been procured was paid for.

2. *Same; same; statute of limitations.*—Under the authority of the statute, (Acts of 1898-99, p. 202, § 16), a suit for the recovery of a license tax can be brought any time within five years from the time the license becomes due; and, therefore, in an action to recover a license tax, pleas setting up the statute of limitations of one and two years as a bar to the action are bad and subject to demurrer.

3. *License tax; sale by one corporation to another does not assign a license.*—The purchase of the stock, property and business of one corporation by another corporation, does not authorize the latter company to do business under a license issued to the former company, nor is the latter company entitled to be credited to the amount of the license tax paid by the selling company on a license tax acquired by the buying company for the years in which the purchase is made.

4. *Same; statute imposing such tax on corporations constitutional.* The statute requiring all corporations, foreign and domestic, doing business in this State, not otherwise specially required to pay a license tax, to pay an annual privilege tax graduated by the paid up capital of the corporation, (Code, § 2142, subd. 55), is the exercise of legitimate authority of the legislature, and such statute is valid and not unconstitutional.

5. *Same; interest recoverable.*—Interest is recoverable on unpaid license taxes.

APPEAL from the City Court of Anniston.
Tried before the Hon. THOS. W. COLEMAN, JR.

VOL. 133.

[Southern Car and Foundry Co. v. State of Alabama.]

This action was brought by the appellees against the appellant, to recover a license privilege tax for the years 1899, 1900, 1901 and tax commissioners' fees thereon, the amount of said taxes being five hundred dollars for one year and the fees fifty dollars on each amount.

The defendant pleaded the general issue and several special pleas. The third plea was as follows: "Third: That it had procured license from the proper authorities to do business in Alabama for the time mentioned in the complaint." The other special pleas referred to in the opinon are sufficiently shown therein. The plaintiff demurred to the third plea upon the ground that it fails to aver that the defendant had paid for and taken out a license under which the suit was brought, and that it does not aver that the licenses were taken out before suit was brought. This demurrer was sustained. The demurrers interposed to pleas four and four and a half and five were upon he ground that said pleas presented no defense to the action, and that the statute of limitations of one and two years was no bar to the recovery of the license tax. These demurrers were sustained.

The cause was tried by the court without a jury, upon an agreed statement of facts which was in words and figures as follows: "That the defendant, Southern Car and Foundry Company, is a corporation organized under the laws of the State of New Jersey; that said corporation was organized some time before June 1st, 1899, and that on June 1st, 1899, it had and that it has had continuouosly since that date a paid up capital stock exceeding one million dollars; that the defendant engaged in business in Calhoun county, Alabama, viz., in the business of building cars, etc., on the first day of June, 1899, and that it has continued in business in said county during the years 1899, 1900 and 1901 to the present, having been engaged during all of said time at Anniston in said county in the building of cars, etc.; that the defendant had not taken out any license from the judge of probate of Calhoun county to do business in the State of Alabama, for any one of said years, and that before the bringing of this suit the tax commissioner of Calhoun county reported to the judge of pro-

40c

bate of said county the failure of the defendant to take out such license for each of said years and that the defendant failed or refused to take out such license, and that thereupon this suit was brought; that while the defendant had during the said years 1899, 1900 and 1901 a paid up capital stock exceeding one million dollars, only two hundred thousand dollars of its said capital stock was invested in property or business in the State of Alabama, the balance of its capital being invested in other States or used in business in other States. That the Southern Car & Foundry Company had prior to the first day of June, 1899, purchased the stock, property and business of the Elliott Car Company, a corporation existing under the laws of Alabama, located at Gadsden, Alabama, having a capital stock of one hundred and fifty thousand dollars, and that said Elliott Car Company had taken out a license to do business in the county of Etowah for the year 1899, having paid therefor the sum of $75 to the State and $37.50 to the county of Etowah; that for the year 1900 the Southern Car and Foundry Company paid to the judge of probate of Etowah county the sum of $75 for the State and $37.50 for the county; and like sums for the year 1901; and for this sum the judge of probate of Etowah county issued to it a license to do business as a corporation for each of said years; that except as above stated the Southern Car and Foundry Company did not pay any license taxes to the State or to any county for the years 1899, 1900 or 1901, and that no license was issued in the name of the Southern Car and Foundry Company for 1899, and that it paid only $75 to the State for 1900, and a like sum of $75 for 1901; that the Southern Car and Foundry Company is authorized and empowered under its charter to engage in the manufacture of cars, to operate rolling mills, machine shops, and to do a general manufacturing business; that on June 1, 1899, the Southern Car and Foundry Co. took a lease from the Illinois Car and Equipment Co., of its property in Calhoun county, Alabama, and operated the plant of the latter company in said county for the remainder of the year 1899; and that said Illinois Car and Equipment Company was a corporation

[Southern Car and Foundry Co. v. State of Alabama.]

organized under the laws of New Jersey, having a paid up capital stock of over one million dollars, and had paid a license tax of five hundred dollars to the State of Alabama, and two hundred and fifty dollars to the county of Calhoun for the year 1899, and a license had been duly issued to it, I. C. & E. Co., for that year." The court rendered a judgment for the plaintiff, taxing the amount of his recovery at $1,701.33. To the rendition of this judgment defendant duly excepted. The defendant appeals, and assigns as error the rulings of the court in sustaining the demurrers to the pleadings and the rendition of judgment in favor of the plaintiff.

J. J. WILLETT, for appellant.—Taxes imposed upon privileges of corporations are taxes upon their property and are subject to the limitations of the constitution requiring the property of corporations to be taxed like that of individuals, in proportion to its real value. *Gulf, etc., R. R. Co. v. Hewes,* 22 Sup. Ct. Rep. 26.; *Wilmington, etc., R. R. Co. v. Reid,* 13 Wall. 264; *Adams Express Co. v. Auditor,* 163 U. S. 195; *Veazie Bank v. Fenno,* 8 Wall. 533.

If the privilege tax for doing business in Alabama is a property tax, it is contrary to the constitution of Alabama, where it seeks to make the corporation pay a tax based upon a million dollar capital stock when only two hundred housand dollars was used in its business in the State of Alabama—because it would be repugnant to the constitution of Alabama of 1875, section 1, article XI, Code of 1896, page 94.

CHAS. G. BROWN, Attorney-General, and W. P. ACKER, *contra.*—The court sustained a demurrer to the pleas, and properly so, for the recovery of a license tax is expressly authorized to be brought at any time within five years.—Acts, 1898-99, p. 202, § 16.

The legislature has not exceeded its authority in basing the amount of the license tax upon the entire capital stock of the corporation. This has been expressly decided by this court and by the Supreme Court of the United States.—*Phoenix Carpet Co. v. State,* 118 Ala.

43; *Horn Silver Mining Co. v. People,* 143 U. S. 305; *Home Ins. Co. v. People,* 134 U. S. 594.

The statute makes no distinction between foreign and domestic corporations, and it is clearly settled by the Supreme Court of the United States that a foreign corporation cannot complain that it is subjected to the same law as a domestic corporation. The extent of the tax is purely a matter for the legislature and any interference with it is beyond the jurisdiction of the courts A tax on corporate franchises has no limitations, but the discretion of the taxing power.—*Horn Silver Min. Co. v. People, supra; Home Ins. Co. v. People, supra.* The plaintiff was entitled to a judgment for the amount of the taxes for the three years with interest thereon. Code, § 4008; *Jebeles v. State,* 117 Ala. 174.

DOWDELL, J.—This is a suit by the State to recover of the defendant, Southern Car & Foundry Co., a corporation, a license tax for the years 1899, 1900 and 1901, and the tax commissioner's fees thereon. The cause was tried by the court without a jury, on an agreed statement of the facts, and a judgment was rendered in favor of the State, from which the defendant appeals.

The first assignment of error challenges the court's ruling in sustaining the plaintiff's demurrer to the third plea. This plea was bad, if for no other reason, in not averring that the license alleged to have been procured, was paid for, and was open to that ground of demurrer.

Demurrers were also sustained to pleas 4, 4½, and 5,—assignments of error 2, 3 and 4. These pleas set up in answer to the complaint, the statute of limitations of one and two years. The statute expressly authorizes suit for recovery of a license tax at any time within five years.—Acts, 1898-99, p. 202, § 16. The court properly sustained the demurrers to these pleas.

The purchase of the stock, property and business of the Elliott Car Co. by the defendant company, did not authorize the latter company to do business under a license issued to the former company for the year 1899, nor was it entitled to a credit, to the amount of the

license tax paid by the Elliott Car Co., on the amount of the license tax required of the defendant company for that year. A license is personal, and cannot be assigned. But it is not even pretended here that there had been any assignment of its license by the Elliott Car Co. to the defendant.—*Long v. State*, 27 Ala. 32; 2 Am. & Eng. Ency. Law (2d ed.), p. 1049 and notes.

The defendant company is a foreign corporation and its paid up capital stock exceeds one million dollars ($1,000,000). Section 4122, subdivision 55 of the Code provides: "All corporations doing business in this State, whether organized in this State or in another State or country, not otherwise specifically required to pay a licnse-tax, shall pay annually the following privilege taxes: * * * Corporations whose paid up capital stock exceeds one million dollars, five hundred dollars." This provision of the statute is too plain to call for construction. There is nothing here upon which to base an argument that the legislature intended the amount of the license tax to be regulated by the amount of the capital stock actually employed in the business. The amount of the license tax is expressly based upon the entire capital stock, paid up, and this, the legislature had the power and authority to do. The statute makes no distinction between foreign and domestic corporations, and it is well settled that a foreign corporation cannot complain that it is subject to the same law applicable to and governing domestic corporations. The extent of the tax imposed is entirely within the discretion of the taxing power. The following authorities seem to be conclusive on the above propositions: *Phoenix Carpet Co. v. State*, 118 Ala. 43; *Horn Silver Mining Co. v. People*, 143 U. S. 305; *Home Ins. Co. v. People*, 134 U. S. 594.

On the unpaid license tax interest was recoverable. Code, § 4008.

The court in rendering judgment allowed the defendant credit for the seventy-five dollars paid by the defendant for each of the years 1900 and 1901. The facts, therefore, do not sustain the assignment of error, as to a failure to give this credit.

We find no error in the record, and the judgment must be affirmed.