# Southern Car & Foundry Co. *v.* Calhoun County.

## *Action to recover License Tax.*

1. *Action by county to recover license tax from corporation; sufficiency of complaint.*—In an action brought by a county against a corporation to recover a license tax for said corporation doing business in said county for a designated year, a count of the complaint which avers that the defendant was a corporation having a certain paid up capital stock, and was engaged in business in said county during the designated year, and was liable to the State of Alabama for a license tax of a certain amount, and that the commissioner's court of said county at a regular term for said year, levied a license tax for said year on all persons and corporations required to pay a license to the State, which tax was 50 per cent. of the State license tax, and that the sum sued for was 50 per cent. of the State license tax levied upon the defendant, states a cause of action, and is not subject to demurrer.

2. *Same; fees due county tax commissioner can be recovered in suit by county.*—The fees earned by a county tax commissioner in the collection of delinquent taxes, may be recovered in a suit by a county together with the delinquent taxes.

3. *Same; misjoinder of counts on complaint.*—In an action by a county against a corporation to recover a license tax from the defendant for doing business in said county, there is no misjoinder of counts in the complaint by reason of the fact that there is joined with the counts seeking to recover the county license tax, separate counts seeking to recover the tax commissioner's fees alleged to be due from the defendant as a delinquent under the statute.

[Southern Car & Foundry Co. v. Calhoun County.]

4. *License tax for doing business in a county; by what county recoverable.*—The statute conferring the power upon the court of county commissioners of each county of the State to levy county license taxes, not to exceed 50 per centum of the State license tax, is not intended to give to each county where the licensed business is done, the separate right to levy such tax in addition to the State license tax for the year, but the county license tax is leviable in the county where the State license tax is paid and issued, and in that county only; and only such county can recover a county license tax.

5. *Action to recover county license taxes; fact that license paid in another county a defense.*—In an action by a county against a corporation to recover a license tax for doing business in said county, a plea which sets up that for the year mentioned in the complaint, the defendant paid for and had issued to it a license tax in another county where it also did business, presents a defense, and is not subject to demurrer.

6. *County license tax; sufficient levy by court county commissioners.*—The order of a commissioner's court that there be levied "a county tax on all licenses authorized by law to be issued by the judge of probate" of said county of 50 per cent. of the State tax, or that there is "levied 50 per cent. of the State taxes on all licenses required" under the revenue law of Alabama, is sufficient to create the levy of a license tax for said county; and in an action to recover a county license, such orders of the commissioner's court are admissible in evidence.

7. *License tax; sale by one corporation to another does not assign license.*—The purchase of the stock, property and business by one corporation from another corporation does not authorize the purchasing company to do business under a license issued to the selling company.

APPEAL from the City Court of Anniston.

Tried before the Hon. THOS. W. COLEMAN, JR.

This was an action brought by Calhoun County against the Southern Car & Foundry Company, a corporation, seeking to recover license taxes for doing business in said county during the years 1899, 1900 and 1901, and also 10 per cent. of the license tax for each of said years as fees for the tax commissioner.

The complaint as amended contained six counts. The first, third and fifth counts sought to recover the license taxes alleged to be due the county for the years 1899,

[Southern Car & Foundry Co. v. Calhoun County.]

1900 and 1901, respectively; and the second, fourth and sixth counts sought to recover the fees due the tax commissioner for each of said years. The first count of the complaint is as follows: "1st.—The plaintiff claims of the defendant the sum of two hundred and fifty dollars as a license tax for doing business in said county as a corporation during the year 1899; and the plaintiff avers that the defendant was a corporation having a paid up capital stock exceeding one million dollars and was engaged in business in said county during the year 1899, and was liable to the State of Alabama for a license tax of five hundred dollars. That the commissioner's court of said county, at a regular term of said court, on to-wit, the —— day of June, 1899, levied a license tax for the year 1899 on all persons and corporations, required to pay license to the State, the said license tax levied by the county being fifty per cent. of the State license as authorized by law; and that at said term and by said order the said commissioner's court levied a license tax on corporations having a paid up capital stock exceeding one million dollars, of two hundred and fifty dollars, and that the said sum, with interest thereon from the 1st day of June, 1899, is due and unpaid." The third and fifth counts were identical with the first, with the exception that the years 1900 and 1901, respectively, appeared where the year 1899 appeared. By the second count of the complaint the plaintiff claimed of the defendant the sum of $25.00, being 10 per centum of the amount of the license, for which the defendant was liable to the plaintiff for the year 1899, as alleged in the first count of the complaint as a fee of the county tax commissioner of said county; it then averred the performance of the duties of the tax commissioner as required by law. The fourth and sixth counts were identical with the second count, with the exception that 1900 and 1901, respectively, appeared where 1899 appeared in the second count. The defendant demurred to the first, third and fifth counts of the complaint upon the grounds that they did not show when the commissioner's court of said county had levied said tax for the years 1899, 1900 and 1901, respectively; that they did not show how said

commissioner's court had levied said tax; and that they did not state that, said county levied. any license tax on corporations.

The defendant demurred to the whole complaint upon the ground that there was misjoinder of counts in that, by the first, third and fifth counts the plaintiff sought to collect license tax alleged to be due for 1899, 1900 and 1901, and that by counts second, fourth and sixth they sought to collect a fee alleged to be due the tax commissioner of said county, which fee was imposed as a penalty. Demurrers to the complaint were overruled.

The defendant pleaded the general issue and the following special plea.: "3d: That it had paid for and procured the license required by law from the proper authorities before this suit was brought to do business in Etowah county, Alabama, for the time mentioned in the complaint. That it· had one of its car shops in Etowah county, Alabama, during the whole of said time, and was doing business in Etowah county during the whole of said time."

To plea No. 3 the plaintiff demurred upon the ground that said plea presented no answer to the complaint, and that the payment of license required to do business in Etowah county was no bar to an action by Calhoun county for the license required by Calhoun county. This demurrer was sustained.

The cause was tried by the court upon an agreed statement of the facts which was as follows:

·"That the defendant, Southern Car & Foundry Company, is a corporaton organized under the laws of the State of New Jersey; that said corporation was organized some time before June 1st, 1899, and that on June 1st, 1899, it had and that it has had continuously since that date a paid up capital stock exceedng one million dollars; that the defendant engaged in business in Calhoun county, Alabama, viz: in the business of building cars, etc., on the first day of June, 1899, and that it has continued in business in said·county during the years 1899, 1900 and 1901, to the present time, having been engaged during all of said time at Anniston, in·said county, in the building of cars, etc.

"That the defendant has not taken out any license from the judge of probate of Calhoun county, to do business in the State of Alabama for any one of said years, and that before the bringing of this suit the tax commissioner of Calhoun county reported to the judge of probate of said county the failure of the defendant to take out such license for each of said years, and that the judge of probate cited the defendant to appear before him and take out the license for each year of said years, and that the defendant failed or refused to take out such license, and that thereupon this suit was brought. That said company has not paid any license tax whatever to Calhoun county for the years 1899, 1900, 1901.

"That while the defendant had during the years 1899, 1900 and 1901, a paid up capital stock exceeding one million dollars, only two hundred thousand dollars of its said capital was invested in property or business in the State of Alabama, the balance of its capital being invested in other States or used in business in other States.

"That the Southern Car & Foundry Company had prior to the first day of June, 1899, purchased the stock, property and business of the Elliott Car Company, a corporation existing under the laws of Alabama, located at Gadsden, Alabama, having a capital stock of one hundred and fifty thousand dollars, and that the said Elliott Car Company had taken out a license to do business in the county of Etowah for the year 1899, having paid therefor the sum of $75.00 to the State and $37.50 to the county of Etowah; that for the year 1900 the Southern Car & Foundry Company paid to the judge of probate of Etowah county the sum of $75.00 for the State and $37.50 for the county, and like sums for the year 1901; that for each of the years the county of Etowah levied a license tax of 50 per cent of the State license; and for this sum the judge of probate of Etowah county issued to it a license to do business as a corporation for each of said years; that except as above stated, the Southern Car & Foundry Company did not pay any license taxes to the State, or any county for the year 1899, 1900 or 1901, and that no license was issued in the

name of the Southern Car & Foundry Company for 1899, and that it paid only $75.00 to the State for 1900, and a like sum of $75 for 1901; that the Southern Car & Foundry Company is authorized and empowered under its charter to engage in the manufacture of cars, to operate rolling mills, machine shops, and to do a general manufacturing business. That on June 1st, 1899, the Southern Car & Foundry Company took a lease from the Illinois Car & Equipment Company of its property in Calhoun county, Alabama, and operated the plant of the latter company in said county for the remainder of the year 1899, and that said Illinois Car & Equipment Co. was a corporation organized under the laws of New Jersey, having a paid up capital stock of over one million of dollars, and had paid a license tax of five hundred dollars to the State of Alabama, and two hundred and fifty dollars to the county of Calhoun for the year 1899, and a license had been duly issued to the Illinois Car & Equipment Company for the year."

The plaintiff introduced in evidence the records of the commissioner's court, showing a levy by said court of county license taxes for the years 1899, 1900 and 1901. Said orders of the Commissioner's court for the years 1899 and 1901 were as follows: "Ordered by the court that there be and there is hereby levied a county tax on all licenses authorized by law to be issued by the judge of probate of Calhoun county, 50 per cent. of the State taxes," &c. The order of the commissioner's court for the year 1900 was as follows: it is "ordered that there be and is hereby levied 50 per cent. of the State taxes on all licenses required under section 4122 of the revenue law of Alabama," &c. To the introduction in evidence of each of these orders of the commissioner's court, the defendant separately objected upon the grounds that neither of said orders purported to levy a county license tax, and that neither of said orders was a sufficient levy of a county license tax for the respective years. This objection was overruled, and the defendant duly excepted.

The plaintiff moved the court for an order requiring the defendant to produce on the trial certain records and

documents relating to the incorporation of the defendant, and its meetings and its capital stock. The court granted this motion, and to this ruling the defendant duly excepted.

There was, however, nothing in the bill of exceptions showing that said order was enforced and complied with.

The cause was tried by the court without the intervention of the jury, and the court rendered judgment in favor of the plaintiff against the defendant for $1,033.33. To the rendition of this judgment the defendant duly excepted. The defendant appeals and assigns as error the rulings of the court upon the pleadings and the other rulings of the trial court to which exceptions were reserved.

J. J. WILLETT, for appellant.—There was a misjoinder of counts in the complaint. The court seeking to recover the penalty fee of 10 per cent. was founded in fact upon a tort, and therefore could not be joined with the other counts of the complaint which were in assumpsit.—*Higdon v. Kennemer*, 120 Ala. 193.

The court erred in overruling defendant's demurrers to the complaint, and in rendering judgment for the tax commissioner's fees, because there is no warrant or authority in law authorizing recovery of a tax commissioner's fee based upon a county license tax. As to this penalty of 10 per cent. the statute must be regarded as penal statute, and as such must be strictly construed.— Acts of 1898-99. p. 195; *Phoenix Carpet Company v. The State*, 118 Ala. 143.

The 3rd plea presented a defense to the action. A license tax could not be recovered against the defendant in every county where it did business.—*Southern Car & Foundry Co. v. The State*, 123 Ala. 624.

KNOX, ACKER & BLACKMON, *contra.*

SHARPE, J.—In this action Calhoun county claims as for license taxes due from defendant for the years 1899, 1900 and 1901, respectively, and also as for fees earned by the county tax commissioners in reporting

those taxes unpaid. The complaint was demurred to but not on any tenable ground, and each count thereof stated a cause of action. By section 4123 of the Code and also by the act of March 5th, 1901 (Acts 1900-01, p. 2635), the court of county commissioners were authorized to add to state license taxes an amount for county purposes, not exceeding fifty per cent. of such state taxes. The act of February 21, 1899, (Acts 1898-99, p. 195), charged county tax commissioners with the duty of reporting delinquencies in the payment of license taxes, and provided that for performing that duty "the commissioners are entitled for each case brought before the probate judges, to be paid by the delinquent in addition to the license, ten per cent. on the amount of the license so collected from each delinquent," and "that the county tax commissioners shall be entitled to receive the fees provided by the act from the tax collector and the judge of probate giving duplicate receipts therefor." These provisions read in connection with the remainder of the last mentioned act sufficiently indicate that the right of collecting and consequently of suing for fees earned by a commissioner is primarily in the county entitled to collect the tax.

There was no misjoinder of counts in the complaint and this is true regardless of whether the tax commissioner's fees are in the nature of costs or of a penalty. It was long ago held by this court that debt was a form of action appropriate for recovery of a statutory penalty.—*Spence v. Thompson*, 11 Ala. 746.

The statute empowering "the court of county commissioners of each county" to levy the county license taxes does not mean that each county in the State, or each county where the licensed business is done, may add to the tax required by the State for a particular license, but is construed as permitting the county tax in each county wherein such particular license is issued and in that county only.—*Southern Ry. Co. v. Mitchell*, (Ala.) 37 South 85.

Upon this consideration it must be held that the third plea was good as against any ground of demurrer interposed thereto; and also that the fact appearing in the

[Mobile, Jackson & Kansas City R. R. Co. v. Bromberg, Admr. &c.]

agreed statement of evidence that defendant had in Etowah county and in each of the years 1900, and 1901, taken out a license and paid therefor $75.00 to the State, and $37.50 to the county of Etowah, shows the county of Calhoun was without right to recover taxes or commissioner's fees claimed on account of either of those years, and that the court erred in allowing those claims in its judgment.  If on such account anything is due from defendant, the right to recover the same is in the county of Etowah.

The evidence showed no defense as against plaintiff's claims for taxes and fees accruing on taxes for 1899.  The orders of the commissioner's court introduced to show levies of county taxes made by that court were each sufficient to create such levies and were properly admitted in evidence.

That defendant could not avail itself of licenses issued to other corporations whose property was bought by defendant was adjudged in *Southern Car & Foundry Co. v. The State,* 133 Ala. 624.  Since the order for the production of defendant's books was never enforced or complied with, it could not have been injurious.

Reversed and remanded.