(83 South. 334)

Ex parte STATE ex rel. SMITH, Atty. Gen.
(3 Div. 409.)

(Supreme Court of Alabama. June 30, 1919. On Rehearing, Oct. 30, 1919.)

1. APPEAL AND ERROR ☞1—APPEALS PURELY CREATIONS OF STATUTE.

There is no right of appeal in the absence of a statute creating such right.

2. PROHIBITION ☞10(2)—ENTERTAINING APPEAL WITHOUT RIGHT.

Where the statute gives no right of appeal to the circuit court, such court can acquire no jurisdiction to review or revise where an appeal is attempted, and any action on the part of such court or the judge thereof to that end would be coram non judice and would be arrested on timely application to the Supreme Court for a writ of prohibition.

3. TAXATION ☞493(1)—OPTIONAL TO APPEAL TO CIRCUIT COURT OR DEMAND AN ARBITRATION.

It is purely optional, under Acts 1915, pp. 386, 418, § 77, with a taxpayer dissatisfied with the action of the county board of equalization, to demand an arbitration, and he may appeal instead under section 292.

4. TAXATION ☞493(4)—RIGHT OF APPEAL FROM REVALUATION; "REVALUATION"; "REASSESSMENTS."

The words "revaluation" and "reassessments" are used interchangeably in Acts 1915, p. 386, and a taxpayer may appeal from the action of a county board in increasing the valuation of his property.

[Ed. Note.—For other definitions, see Words and Phrases, Second Series, Reassessment.]

On Rehearing.

5. PROHIBITION ☞29—FINDING OF FACT OF COURT SOUGHT TO BE PROHIBITED CONCLUSIVE.

On application for prohibition directed to a judge of the circuit court to prohibit him from taking jurisdiction of an appeal from a revaluation of property by the county board of equalization, the Supreme Court cannot presume, as against a finding of the circuit judge, that the county board acted in pursuance of an order of the state board made by virtue of Acts 1915, pp. 386, 426, § 97, the assessment from which the appeal was prosecuted failing to show on its face that it was made in pursuance of an order of the state board, and there being no proof aliunde the face of the assessment records to show that the county board in making the particular assessment or revaluation appealed from was acting by virtue or in pursuance of an order of the state board.

6. TAXATION ☞452—APPEALS TAKEN FROM ANY FINAL ASSESSMENT:

Acts 1915, p. 386 et seq., did not repeal Revenue Act 1911, § 36c, providing that an appeal will lie from any final assessment made by any officer, board, or tribunal charged with the duty of revising or reviewing assessments.

Petition by the State, on the relation of J. Q. Smith, Attorney General, for writ of prohibition directed to Hon. A. E. Gamble, as Judge of the Second Judicial Circuit, seeking to prohibit him from taking jurisdiction of an appeal of the Lovelace Lumber Company from a revaluation of its property by the County Board of Equalization under the direction of the State Tax Commission. Writ denied.

J. Q. Smith, Atty. Gen., and Lawrence E. Brown, Asst. Atty. Gen., for relator. The revaluation was under the provisions of sections 97, 98, and 99 of the Revenue Act of 1915, p. 427, and from this revaluation there is no appeal. State v. Bley, 162 Ala. 239, 50 South. 263; State v. Ide Cotton Mills, 175 Ala. 539, 57 South. 481; Endlich, Interpretation of Statutes, § 138; Curtis v. Gill, 34 Conn. 49.

Hamilton, Leigh, Page & Caffey, of Evergreen, contra. There is nothing in Acts 1915, p. 386, prohibiting an appeal from the action of the state board ordering an additional assessment, and section 36c, Acts 1911, p. 186, authorizes the appeal. As to what is an assessment, see 3 Cyc. 111; 58 Ala. 559; Words and Phrases, First and Second Series, "Assessment"; 100 U. S. 545, 25 L. Ed. 705; Smith v. Austin, 76 South. 405. The legislative intent must govern in construing the statutes. 158 Ala. 191, 48 South. 510; 181 Ala. 646, 62 South. 31; 20 Ala. 54; 148 Ala. 192, 168 South. 1012.

MAYFIELD, J. This is an original application to this court for a writ of prohibition, or other remedial process, to arrest certain proceedings in the circuit court of Conecuh county, being or to be heard before Judge A. E. Gamble, the judge of said court.

The proceeding sought to be arrested or prohibited is an appeal to the circuit court

---

from the action of the county board of equalization of Conecuh county, in the matter of the revaluation of the property of the Lovelace Lumber Company, a taxpayer, for assessment for taxes. The state board of equalization, pursuant to the Acts of 1915, p. 386 et seq., ordered a revaluation of the property in Conecuh county to be made by the county board of equalization, which was done, and resulted in raising the valuation of the property of the taxpayer Lovelace Lumber Company. The said revaluation was duly recorded and the action of the county board reported as directed by the statute. From this order and action of the county board in increasing the valuation of the property for assessment, the lumber company appealed to the circuit court; and the state, acting by and through its Attorney General, applied to this court to prohibit any further proceedings in the matter of reviewing the revaluation by the county board for assessments, on the ground that no appeal will lie from such action or orders of the county board in revaluing the property for assessment, when acting under the orders of the state board of equalization.

[1, 2] Appeal is, of course, purely a creation of statute, and unless so given in this case no such right existed, and the circuit court acquired no jurisdiction to review or revise the revaluation for assessment, and any action on the part of the court or judge to that end would be coram non judice, and would be arrested on timely application to this court, as is done in this case.

[3] We are of the opinion that the statutes creating the state and county boards of equalization, and providing for the revaluation and reassessment of the property for taxation, expressly provide for appeals from certain orders and actions of such boards under certain conditions; and that this appeal sought to be arrested or prohibited is both within the letter and spirit of the statutes.

Section 77 of an Act approved September 14, 1915 (General Acts 1915, pp. 386–488), provides that a taxpayer dissatisfied with the action of the board of equalization may, within five days, give notice thereof, and demand an arbitration; and provides and specifies the mode of such proceedings to arbitrate and the result thereof. This, however, is wholly at the option of the taxpayer. If he desires not to exercise the option to arbitrate, as provided, he is given the express right of appeal by statute. The language is not doubtful in conferring the right of appeal in a case like this. It is as follows:

"Wherever and whenever any taxpayer is given under the preceding sections hereof the right to demand an arbitration of the assessment of his or its property, the owner may either demand said arbitration or may appeal to the circuit court of the county in which the property lies, and in case the property lies in more than one county, the owner may appeal to the circuit court of any county in which any of the property lies." Section 292.

[4] The words "revaluation" and "reassessments" are used interchangeably in the statutes. The property is, of course, revalued for the purpose of reassessment at the revaluation, and, if the valuation is increased, the amount of taxes to be assessed and collected are, of course, increased to the detriment of the taxpayer, and the statute indubitably gives him the right to an arbitration or appeal, at his election. He can have either right, but not both. The choice is left to the taxpayer. In this case he chose the right of appeal, which the record shows he perfected within the mode and time prescribed by the statute, and the court acquired jurisdiction of his appeal, and the state's application for a writ of prohibition must be denied.

Application for writ of prohibition denied.

ANDERSON, C. J., and SOMERVILLE and THOMAS, JJ., concur.

On Rehearing.

MAYFIELD, J. It is insisted by the state on this application for rehearing that the provisions of the Acts of 1915, p. 386 et seq., which is relied on in this opinion, have no application to the case made by the record; that the proceeding is controlled exclusively by section 97 of the same act; and that no right of appeal from such proceeding is authorized. To this contention there appear to be two good and sufficient answers.

[5] 1. While the state's petition alleges that the county board, in assessing and revaluing the property of the Lovelace Lumber Company, acted in pursuance of the order of the state board to add 10 per centum to the total tax valuation of the real estate in Conecuh county, the record before us fails to show that this allegation was made good by proof; and hence we cannot presume against the finding of the circuit judge that the county board did act in pursuance of the given order of the state board, made by virtue of section 97 of that act.

The assessment from which the appeal was prosecuted fails to show on its face that it was made in pursuance of the order of the state board, and there is no proof aliunde the face of the assessment records to show that the county board, in making that particular assessment or revaluation, was acting by virtue of or in pursuance of the order of the state board. It therefore is not made to appear on this record, except by a mere averment of the petition, that the county was acting under or in accordance with the order of the state board in making the assessment appealed from.

[6] 2. Section 36c of the Revenue Act of 1911 (Acts 1911, p. 186) provides that an appeal will lie from any "final assessment"

made by any officers, board, or tribunal, charged with the duty of revising or reviewing assessments. The Revenue Act of 1915 did not repeal this provision by express terms or by implication. On the other hand, the legislative intent not to do so finds expression in section 287 of the Revenue Act of 1915 (page 486 of Acts 1915), which reads as follows:

"Sec. 287. All laws in conflict with the provisions of this act are hereby repealed; provided, that all provisions of existing laws relating to taxation and revenues, which are not in conflict with the provisions of this act are not hereby repealed."

We find no provision in the Acts of 1915, which repeals the pertinent provisions of the Act of 1911, expressly or by necessary implication. The quoted section of the last act, together with other provisions, show that it was not the purpose of the later act to repeal all the revenue laws of the state, and to make it the exclusive law of the state on the subject; but it was intended, as declared by the Legislature, to amend the revenue laws of the state.

The pertinent clause of the Act of 1911 not being repealed, it follows that the assessment in question was an appealable order, and that the circuit court had jurisdiction. The application for a writ of prohibition must be denied.

Application for rehearing overruled.

ANDERSON, C. J. I concur in the result in this case and think that the appellant has the right to appeal whether the assessment was made under section 77 or sections 97, 98, and 99 of the Act of 1915. If it was made under section 77 of the Act of 1915, the property owner was given the right to demand an arbitration, and section 292 of said act gave the right of appeal in cases where the right to demand an arbitration had been given. On the other hand, if the assessment was made under the order of the state board, as provided by sections 97, 98, and 99 of the Act of 1915, the assessment was so final as to the property owner as to give the right of appeal therefrom under section 36c of the Revenue Law of 1911 (Acts 1911, p. 186), and which was not, as pointed out in the second opinion of Mayfield, J., repealed by the act of 1915.