STATE v. MATTHEWS. (8 Div. 421.)

(Supreme Court of Alabama. April 5, 1923.)

I. Licenses ⚖══8(2)—Statute imposing license on business of dealing in future contracts held repealed.

Code 1907, § 2361, imposing a license tax on the business of buying and selling futures, *held* repealed by General Revenue Acts 1915 and 1919, dealing generally with the subject of license taxation without imposing a tax on the business of dealing in futures, in view of Acts 1907, p. 448, regulating and prohibiting future contracts.

2. Statutes ⚖══159—Intention to repeal act may be gathered from repugnancy to general course of subsequent legislation.

An intention to repeal an act may be gathered from its repugnancy to the general course of subsequent legislation.

Appeal from Circuit Court, Madison County; Robert C. Brickell, Judge.

Action by the State of Alabama against John V. Matthews. From a judgment for defendant, the State appeals. Affirmed.

Cooper & Cooper, of Huntsville, for the State.

The repealing clauses of the act of 1915 (page 533) and of the act of 1919 (page 451) are limited in their scope, and did not repeal subdivision 47, section 2361, of the Code of 1907. State Tax Comm. v. T. C. I. Co., 206 Ala. 355, 89 South. 179; State v. Doster-Northington Drug Co., 196 Ala. 447, 71 South. 427; Ex parte Smith, 203 Ala. 444, 83 South. 334; State Tax Comm. v. Bailey & Howard, 179 Ala. 621, 60 South. 913. The state was entitled to recover license tax in this case. Ware v. Mobile County, 146 Ala. 163, 41 South. 153, 14 L. R. A. (N. S.) 1081, 121 Am. St. Rep. 21; Id., 209 U. S. 405, 28 Sup. Ct. 526, 52 L. Ed. 855, 14 Ann. Cas. 1031.

R. E. Smith and Lanier & Pride, all of Huntsville, and Percy, Benners & Burr, of Birmingham, for appellee.

The act under which this tax is sought to be recovered was nullified after January 1, 1908. Acts 1907, p. 448; Code 1907, §§ 6473–6478, 3349–3353; State ex rel. v. Sawyers, 139 Ala. 138, 36 South. 545; David v. Levy, 119 Ala. 241, 24 South. 589; Harrison v. Jones, 80 Ala. 412; Edson v. State, 134 Ala. 50, 32 South. 308. The act was repealed by a subsequent act dealing with the entire subject. Acts 1915, p. 490; Caldwell v. State, 55 Ala. 133; Lemay v. Walker, 62 Ala. 39; Ogbourne v. Ogbourne's Adm'r, 60 Ala. 616; Allgood v. S. S. S. & I. Co., 196 Ala. 500, 71 South. 724; Edson v. State, 134 Ala. 50, 32 South. 308. No license tax can be predicated upon a business that is illegal. Badgett v.

State, 157 Ala. 20, *48 South. 54; Cost v. State, 96 Ala. 60, 11 South. 435.

SAYRE, J. This action was brought by the state to recover a license tax on the business of dealing in futures under the provisions of chapter 45, art. 18, subsec. 47, of section 2361 of the Code of 1907. The state sought recovery for each of the years 1915 to 1921, both inclusive, and also the criminal penalty prescribed by law for having engaged in the business without a license. This subsection provides a license tax for engaging in the business of buying and selling futures for speculation, or on commission, and concludes: "But this subdivision shall not have the effect 'to legalize or authorize any business or contract, which would otherwise be invalid or illegal." This was a codification of Act of March 7, 1907, p. 464, which amended the Revenue Act of 1903 on the same subject. Acts, p. 207. On the same day, March 7, 1907, was passed the act "to further regulate and prohibit the dealing in future contracts in the state of Alabama," the effect of which was to declare utterly null and void all contracts "whereby the parties thereto contemplate and intend no real transaction as to the article and thing agreed to be delivered, but 'only a payment of a sum of money or other thing of value, such payment and the amount thereof and the person to whom the same is to be paid to depend on whether or not the market price or value is greater or less than the price so agreed to be paid for the said article or thing at the time and place specified in such contract." Acts, p. 448, § 1. This last-mentioned act was limited to go into effect January 1, 1908. It also passed into the Code of 1907. None of the general revenue acts of 1911, 1915, or 1919, providing for license taxes among other things, contained any express provision on the subject-matter of subsection 47, supra; but the Acts of 1915, p. 433, and 1919, p. 451, repealed all laws in conflict therewith, and the act of 1915 further "provided, that all provisions of existing laws relating to taxation and revenues, which are not in conflict with the provisions of this act are not hereby repealed." Section 287. By an act approved September 25, 1915 (Acts, p. 913), contracts of sale for the future delivery of cotton and other commodities were regulated. But that act dealt with the subject of contract of sale for future delivery as contracts, and, as this court decided in Levy, Aronson & White v. Jones (Ala. Sup.) 93 South. 733,[1] repealed by necessary implication sections 3349–3353 of the Code where the Acts of 1907, p. 448, had been in substance reproduced; but neither the decision in that case nor its ratio decidendi exerts any controlling influence on the ques-

[1] 208 Ala. 104.

tion of the survival of section 6 (subsection 47, supra) of the act of the same date (page 464) levying a tax upon dealers in cotton futures. The two acts deal with distinctly different subjects of legislation; the one with future contracts, the other with the business of dealing in future contracts.

[1, 2] The license tax act of 1911, so far as concerned license taxes, was nothing more than an amendment of the license schedule of the Code, and it cannot in reason be contended that it operated to repeal subsection 47 of section 2361. But the license tax act of 1915 revised the subject generally. It lists more than 200 subjects for license taxation, ranging from A to Z, and there would be not the slightest difficulty in holding that it was intended to cover the whole subject, and, so far, at least, as concerns the subjects of license taxation, was intended to furnish an exclusive statement, but for the proviso quoted above. The question at issue is one of legislative intent for the solution of which there is no absolute rule. The proviso referred to was considered as of significance in Ex parte State ex rel. Smith. Atty. Gen., 203 Ala. 444, 83 South. 334; but the question there was whether a right of appeal "from any final assessment of tangible or intangible property for taxes fixed by any officers, board, or tribunal charged with the duty of assessing tangible or intangible property for taxes," provided by the act of 1911 (page 186), had been repealed by the act of 1915, and we are by no means inclined to question the propriety of that decision. Here the case is different. All the subjects of license taxation were carried over from the Code into the act except the subject of subsection 47. The companion act of 1907 (page 448) by which dealing in future contracts was regulated, but not taxed, was transferred to the Code. Subsection 47, taxing dealers in cotton futures, was omitted. It is impossible to avoid the conclusion that the Legislature did not intend to tax dealers in cotton futures; whether because it was considered that all such dealing was unlawful, or for some other reason, is immaterial. The proviso cannot in reason operate to save a subject for taxation thus deliberately omitted. Appropriately it was referred to in Ex parte State ex rel. Smith, Atty. Gen., supra, as an expression of the legislative purpose to save provisions of the statute law not so obvious nor so easily reproduced as subsection 47; but there was no real necessity for the saving clause; without it existing laws not in conflict were not repealed. The conclusion thus indicated is strongly reinforced by the license act of 1919, which again covered the entire field of license taxes, omitting any tax on dealers in futures.

"An intention to repeal an act may be gathered from its repugnancy to the general course

of subsequent legislation." Endlich, Interp. Stat. § 209.

We think the judgment of the trial court should be affirmed.

Affirmed.

ANDERSON, C. J., and GARDNER and MILLER, JJ., concur.