(108 So. 756)

## STATE v. ACACIA MUT. LIFE ASS'N.
### (3 Div. 741.)

(Supreme Court of Alabama. April 15, 1926. Rehearing Denied May 20, 1926.)

**1. Insurance** ☞4—**Statutory provision imposing penalty on insurance companies for nonpayment of franchise taxes held repealed (Gen. Act 1911, p. 164; Gen. Acts 1915, pp. 506, 507, 533, §§ 1, 22; Gen. Acts 1919, p. 415).**

Penalty in Gen. Acts 1911, p. 164, upon insurance companies for failure to pay franchise taxes did not remain in force under Gen. Acts 1915, pp. 506, 507, and Gen. Acts 1919, p. 415, wherein such provision was omitted, notwithstanding repealing clause of Act of 1915, § 22, provided that existing laws relating to taxation and revenue not in conflict were not repealed, since from review of Act of 1915 it appears a restatement of license and penalty provisions as to insurance companies was intended.

**2. States** ☞89—**Limitations on actions by state to recover licenses or taxes held not to constitute remittance, release, postponement, or diminution of obligation due state (Const. 1901, § 100; Code 1923, § 8945, subd. 2).**

Code 1923, § 8945, subd. 2, providing limitation on actions by state to recover licenses, franchise taxes, or other taxes, does not violate Const. 1901, § 100, prohibiting remittance, release, postponement, or diminution of any "obligation or liability" held or owned by state, since statute of limitations does not affect debt but only bars remedy.

**3. Licenses** ☞8(2)—**Taxation** ☞573—**Statute imposing limitation on actions by state to recover licenses or taxes held not in conflict with act adopting Code of 1923 (Code 1923, vol. 1, p. xxiii, § 3; Code 1923, § 12, and section 8945, subd. 2).**

Code 1923, § 12, provides that revenue laws be not incorporated in the Code and are not to be considered repealed or affected by omission therefrom, and section 3 of act adopting Code (Code 1923, vol. 1, p. xxiii) manifests same purpose; hence Code 1923, § 8945, subd. 2, im-

posing limitation upon actions by state to recover licenses or taxes, does not conflict with the adopting act.

**4. Taxation ⬤⟝845—Statute imposing limitation on actions by state to recover "licenses, franchise taxes, or other taxes," embraces penalties for nonpayment (Code 1923, § 8945, subd. 2).**

Code 1923, § 8945, subd. 2, providing limitation on actions by state to recover "licenses, franchise taxes, or other taxes," embraces suits to recover penalties for failure to pay the tax, notwithstanding penalties for nonpayment are not specifically named therein.

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Tax—Taxation.]

**5. Taxation ⬤⟝845—Five-year limitation plea, in action to recover penalty for nonpayment of taxes; held not subject to general demurrer, notwithstanding penalty is not payable until delinquency notice is given, since penalty accrues on failure to pay tax (Gen. Acts 1911, p. 164; Code 1907, § 4557).**

Plea of five-year limitation to counts seeking to recover penalty for nonpayment of franchise taxes for years 1909–1915 under Revenue Act of 1911, and Code 1907, § 4557, *held* not subject to demurrer addressed to entire plea, notwithstanding that under section 4557 penalty may not become payable until notice of delinquency is given, since under Gen. Acts 1911, p. 164, penalty accrues upon failure to pay tax.

**6. Taxation ⬤⟝117—Corporation is liable for franchise tax, notwithstanding it is engaging in business ultra vires its charter power.**

A corporation which is engaged in doing character of business upon which a franchise tax is imposed becomes liable for such tax, notwithstanding such business is ultra vires its charter powers.

**7. Taxation ⬤⟝835—Provision for exclusion from state held merely additional penalty for violation of tax law, not exclusive remedy.**

That revenue statute provides for exclusion from state for noncompliance with tax law is not exclusive of other remedies, since such provision provides merely an additional penalty for disregard of tax law.

Appeal from Circuit Court, Montgomery County; Leon McCord, Judge.

Action by the State of Alabama against the Acacia Mutual Life Association. Plaintiff takes a nonsuit and appeals from adverse rulings on pleading. Reversed and remanded.

Harwell G. Davis, Atty. Gen., F. D. McArthur, Sp. Asst. Atty. Gen., and Chilton & McCoy and Steiner, Crum & Weil, all of Montgomery, for the State.

Counts 2 to 9 were not subject to demurrer; it was the intention of the Legislature to retain the penalty for failure to pay the tax prescribed. Code 1907, § 4557; Acts 1911, p. 164; Acts 1915, pp. 506, 507, 533; Ex parte State, 203 Ala. 444, 83 So. 334; Acts 1919, pp. 415, 451. The statute of limitations set up in plea 1 is in violation of section 100 of the Constitution and the act adopting the Code of 1923. Webb v. Demopolis, 95 Ala. 116, 13 So. 289, 21 L. R. A. 62; Montgomery County v. Montgomery, 195 Ala. 197, 70 So. 642; New Farley Bank v. Montgomery Co., 203 Ala. 654, 84 So. 815; Crane Co. v. State, 206 Ala. 393, 90 So. 871; Acts 1919, p. 352, § 238. Said statute has no application to suits for penalties. The cause did not accrue until 1925. Code 1923, § 8945 (2); Allis v. Jefferson Co., 34 Ark. 307. Failure of the state to take steps to oust appellee from transacting business in the state does not bar it from enforcing this demand. Perry County v. Railroad Co., 58 Ala. 546. The fact that the business transacted by the defendant was ultra vires its charter would not excuse it from the payment of the tax. Acts 1919, p. 413; Allen v. La Fayette, 89 Ala. 641, 8 So. 30, 9 L. R. A. 497; Mayor v. Hollingsworth, 170 Ala. 396, 54 So. 95; Paterson & Edey v. Bank, 203 Ala. 536, 84 So. 721, 10 A. L. R. 1037.

Roger J. Whiteford, of Washington, D. C., John V. Sees, of Huntington, Ind., and Hill, Whiting, Thomas & Rives, of Montgomery, for appellee.

Counts 2 to 9, inclusive, are for tax years covered by the revenue acts of 1915 and 1919, and there is no penalty prescribed by said acts for nonpayment of license tax. Said acts repealed the former act of 1911 relating to the subject. Acts 1915, p. 506; Acts 1919, p. 415; Foshee v. State, 15 Ala. App. 113, 72 So. 685; State v. Matthews, 209 Ala. 193, 95 So. 890. The statute of limitations set up is not void. The penalty is a mere incident to the tax, and is barred along with said tax. Code 1923, § 8945; Cox v. Board of Trustees, 161 Ala. 656, 49 So. 814; Ex parte State, 206 Ala. 393, 90 So. 871; Doe ex dem. v. Factors', etc., Ins. Co., 166 Ala. 63, 51 So. 991; Southern C. & F. Co. v. State, 133 Ala. 624, 32 So. 235; Montgomery County v. Montgomery, 195 Ala. 197, 70 So. 642; Perry Co. v. Railroad Co., 58 Ala. 546; Jones v. Jones, 18 Ala. 248; Galliher v. State Mutual L. I. Co., 150 Ala. 543, 43 So. 833, 124 Am. St. Rep. 83; 37 C. J. 684; 17 R. C. L. 666. Plea 2 was not subject to demurrer. Wiley Fertilizer Co. v. Carroll, 202 Ala. 335, 80 So. 417; Central Transp. Co. v. Pullman Co., 139 U. S. 24, 11 S. Ct. 478, 35 L. Ed. 55; 14a C. J. 324; Osborn v. Bank, 9 Wheat. 738, 6 L. Ed. 204; Banker's Trust Co. v. T. & P. R. Co., 241 U. S. 295, 36 S. Ct. 569, 60 L. Ed. 1010.

GARDNER, J. Suit by the state to recover of the defendant, Acacia Mutual Life Association, statutory penalties for failure to pay taxes alleged to have been due for the years 1909 to 1922, inclusive. Count 1 is disregarded in argument and may be laid out of view.

---

⬤⟝For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

All of the other counts, 2 to 15, inclusive, claim the penalty for each separate year. Demurrers of defendant were sustained to counts 1 to 9, inclusive, and this ruling presents the first matter here for consideration.

The years for which the taxes are claimed as due in counts 2 to 9, inclusive, are the years 1915 to 1922. The trial court evidently ruled against these counts upon the theory that the Revenue Acts of 1915 and 1919 were controlling, and that said acts did not prescribe a penalty for failure to pay this tax.

A reading of the provisions of these two acts, relating to the penalty here sought to be recovered, confirms this view; these acts in this respect being practically the same. Gen. Acts 1915, pp. 506, 507; Gen. Acts 1919, p. 415.

[1] A penalty for a failure to pay the tax is not therein specified, and such statutes are to be strictly construed. But it is insisted that the penalty was provided in the Act of 1911, p. 164, for a failure to pay the tax, and that the concluding and repealing clause of the Act of 1915 (section 22) provides that all existing laws relating to taxation and revenue which are not in conflict with the provisions of the act are not repealed, and that therefore the penalty stipulated in the Act of 1911 remained in force, citing Ex parte State, 203 Ala. 444, 83 So. 334. The question is one of legislative intent. From a review of the act of 1915, it appears that the Legislature intended a restatement of the license and penalty provisions as to insurance companies. The penalty is specifically provided for default in filing such statements required, and other matters unnecessary to detail, but omitting any reference in this connection to the failure to pay the tax.

The intention, evidently, was to cover the entire subject as to insurance license and penalty. State v. Matthews, 209 Ala. 193, 95 So. 890. Whether the omission was from design or oversight, we do not feel justified in supplying the penalty of the act of 1911 under these circumstances by such construction of the repealing clause. Entirely too liberal a construction would thus be given to a penal statute. We are in accord with the trial court in the ruling on demurrer to these counts.

[2] Defendant pleaded the statute of limitations of five years (section 8945, subd. 2, Code 1923), and plaintiff's demurrer thereto was overruled. It is insisted this statute is void as in violation of section 100 of our Constitution. We do not construe this constitutional provision as intended to exempt the state from the bar of the statute of limitations. Statutory limitations against the state existed at the time of the adoption of the Constitution of 1901, and have continued to exist and be enforced. S. C. Co. v. State, 133 Ala. 624, 32 So. 235; Cox v. Board of Trustees, 161 Ala. 639, 49 So. 814; Ex parte State, 206 Ala. 393, 90 So. 871. The statute

dealt with in Montgomery County v. City of Montgomery, 195 Ala. 197, 70 So. 642, cited in brief, was in fact a statute of nonclaim, differing in some respects from the statute of limitations. Yniestra v. Tarleton, 67 Ala. 126.

In Cox v. Board of Trustees, supra, it was said:

"No one can doubt the authority of the Legislature to make the statute of limitations apply to suits by the state."

The above-cited section of the Constitution was to guard against any favoritism by prohibiting the remittance, release, postponement, or diminution of any "obligation or liability of any person, association or corporation held or owned by the state, or by any county or other municipality thereof." The statute of limitations does not affect the debt itself, the "obligation or liability," but only bars the remedy (Jones v. Jones, 18 Ala. 248; Galliher v. State Mut. Life Ins. Co., 150 Ala. 545, 43 So. 833, 124 Am. St. Rep. 83), and clearly does not come within the purview of this section of our Constitution. This objection to the validity of the statute is without merit.

Nor do we think this subdivision (new to the Code of 1923, the work of the Code Committee) is in conflict with section 3 of the act adopting the Code (volume 1, Code of 1923, xxiii).

[3] By section 12 of the Code it is provided that the revenue laws, and those relating to several named departments, be not incorporated in the Code, but may be published in pamphlet form, and are not to be considered repealed or affected by omission from the Code. The same purpose evidently was manifested in section 3 of the act adopting the Code and extending also to other subjects not embraced in the Code. Its object was to guard against any unfavorable effect that might otherwise result from the omission of these subjects, among them the revenue law, from the body of the Code. So construed, it requires no discussion to demonstrate there is no conflict between the adopting act and the limitation statute here considered.

It is further argued that the terms of the statute are not sufficiently broad to embrace suits for the recovery of penalties for failure to pay the tax. True, the statute only specifies "license, franchise taxes, or other taxes," and penalties for failure to pay such taxes are not specifically named therein. But the penalties are incidental to the tax, and arise therefrom.

[4] As to the construction of statutes of limitations, it is stated in the text to 25 Cyc. page 990, that "it may be laid down as a general rule that they are entitled to receive, if not a liberal at least a reasonable construction in furtherance of their manifest object." The object of the statute was to set at rest such claims after the lapse of five years from

their accrual, and it would be an anomaly in the law that the tax itself should be barred, but a heavy penalty for its nonpayment be forever suspended over the taxpayer. Such an unreasonable result was clearly not the legislative intent, and we think the statute should be given the reasonable construction as including not only the tax, but, also, the penalty for its nonpayment.

It is suggested in brief for appellant that in any event, the complaint shows the claim for these penalties did not accrue until May, 1925, and that the plea is subject to demurrer. This suggestion finds no reference in opposing brief. We are inclined to the view that no assignment of demurrer is sufficiently specific in taking the point. But in any event (counts 2 to 9 being eliminated) the plea is in answer to the remaining counts which rest for recovery upon the revenue act of 1911, and the Code provisions of 1907.

[5] As to the act of 1911, very clearly the penalty accrued upon failure to pay the tax. Acts 1911, p. 164. If under the provisions of section 4557, Code of 1907, the penalty may be said to become payable after notice of delinquency given, that would not render the plea subject to demurrer, which was addressed to the plea as a whole.

In consideration of plea 2, we are of the opinion the demurrer should have been sustained. This plea does not deny that the defendant was actually engaged in doing the character of business for which the tax was required, but sets up that it was not authorized by its charter to do so. As stated in brief by counsel for appellee, this plea presents the question as to whether or not a corporation can be made liable for a license for engaging in a business that is beyond its charter powers. We are cited, among other cases, to that of Wiley Fertilizer Co. v. Carroll, 202 Ala. 335, 80 So. 417, where the doctrine of ultra vires as to an executory contract was given rigid application. The cases of Allen v. Town of LaFayette, 89 Ala. 641, 8 So. 30, 9 L. R. A. 497; and Mayor, etc., v. Hollingsworth, 170 Ala. 396, 54 So. 95, recognizing an equitable exception to the general rule of nonliability, were there discussed. It was there pointed out that in such cases, while no recovery could be had upon the contract, yet where the money or property has been received under the contract and beneficially applied to authorized objects or purposes under the law, an action of implied assumpsit may be had.

[6] Upon the matter of taxation the state is not interested in the validity of any contract or the lawfulness thereof as between the parties, but the tax is fixed upon doing that particular kind of business. The claim of the state does not rest upon a contract; the liability is fixed by the statute, and whether the business done was lawful or unlawful or ultra vires the charter power, it is the carrying on of the business out of which springs the liability for the tax. We are of the opinion the doctrine of ultra vires is no answer to the state's claim, and the demurrer taking the point should have been sustained.

[7] It is suggested in one of the briefs of appellee that the statute prescribes a remedy of exclusion from the state, and that where a remedy is so provided that is exclusive of all others. We think it a sufficient answer to this insistence to state that we do not consider that provision so much in the light of a remedy as merely an additional penalty for a disregard of the tax law. This provision is found along with the penalties, and in no event could be construed as exclusive.

As a conclusion, we find ourselves in accord with the trial court in all respects except as to the ruling on plea 2. For the error as to the ruling on plea 2, let the judgment be reversed.

Reversed and remanded.

ANDERSON, C. J., and SAYRE and MILLER, JJ., concur.