PAVING DISTRICT OF FORT SMITH *v.* SISTERS OF MERCY.

SEWER DISTRICT OF FORT SMITH *v.* SISTERS OF MERCY.

Opinion delivered April 20, 1908.

IMPROVEMENT DISTRICTS—EXEMPTION FROM ASSESSMENTS.—A provision in the charter of an incorporated academy exempting its property "from all taxation, State, county, municipal and special, during the existence of" its charter did not exempt such property from assessments for local improvements.

Appeal from Sebastian Chancery Court; *J. Virgil Bourland,* Chancellor; reversed.

These two suits were brought by the Sisters of Mercy of the Female Academy of Fort Smith, Arkansas, against the Board

of Improvement of Paving District No. 5 of Fort Smith, and against the Board of Improvement of Sewer District No. 2 of Fort Smith. The facts are stated in the opinion.

*Youmans & Youmans,* for appellants.

The terms "tax" and "taxation" do not include assessments for local improvements. Hamilton on Special Assessments, § § 21-39; 21 Ark. 40; 65 Ark. 498. The act (§ 3 of act approved December 20, 1860) under which appellee claims exemption in this case has no wider application than that contained in art. 16, § 5, Const. 1874, and Kirby's Dig. § 6887. For definitions of special assessments and local assessments, see Hamilton, *supra,* and 15 So. 906; 25 Am. & Eng. Enc. of L. (2 Ed.) 1168; Rosewater on Special Assessments, 85; Elliott on Roads and Streets, § 543; Cooley on Taxation, (3 Ed.) 1153. Prior to the passage of the act relied on, this court had recognized the distinction between taxes and assessments, of which the Legislature must have had knowledge. 21 Ark. 50. Having such knowledge, if it had been the intention to exempt appellee from such assessments, the Legislature would have employed appropriate language for that purpose. See, also, 147 U. S. 190. Statutes exempting property from taxation do not apply to special assessments. Hamilton on Special Assessments, § 312; 69 Ark. 68. Such exemptions are of grace, and must be strictly construed. 53 Pa. St. 219; 57 Ark. 445; 92 Ky. 89, 13 L. R. A., 668. The assessments in these cases do not, as contended by appellees, fall within the term "special" used in the act in question. 50 Mo. 155; 80 Mo. 397; 96 Ill. 255, 36 Am. Rep. 143; 128 Mo. 188, 32 L. R. A. 157; Gould's Dig. § § 72-79; 67 Pac. 68; 88 Tex. 458, 53 Am. St. Rep. 770; 58 Tex. 545.

*Brizzolara & Fitzhugh,* for appellees.

The statute provides that appellee's property shall be "exempt from all taxation—State, county, municipal and special— during the existence of this charter." Under the Constitution of 1836, under which this act was passed, the Legislature had authority to exempt property from taxation of every kind. 30 Ark. 128. A special assessment for local improvement is a

special tax.  2 Cooley on Taxation, 1181, 1182 and cases cited
in note 2; 34 Atl. 1028; 56 N. Y. 261; 21 Wis. 514; 2 Mich.
586; 11  N. W. 598; 49 Atl. 838; 2 Pac. 800; 42 Pac. 1003;
61 S. W. 362; 147 U. S. 190; Kirby's Dig. § § 5687-89; 2
Desty on Taxation, § 177.  Wherever a distinction has been
drawn between special taxes and special assessments, such dis-
tinctions have been made by the particular statute in contro-
versy or by the Constitution.  There is no distinction unless
expressly made so by the statute.  96 Ill. 255.  In this case the
exemption is in the charter of appellee.  21 Ark. 54; 4 Wall.
143; 11 Johns. (N. Y.) 80; Hamilton on Special Assessments,
§ 316; 93 Pa. St. 129; 22 Wis. 53; 105 Pa. 278; 38 Miss. 334;
21 Gratt. 604; 104 Mass. 470.

HART, J.  These two suits were brought to enjoin the col-
lection of assessments for local improvements on the ground that
the property involved is exempt by reason of a private statute.
The court below held that the statute applied to assessments for
local improvements, and enjoined the collection in each case.
An appeal was taken in each case.

The same point being involved in the two cases, they will
be considered together.

Appellee was incorporated by private act, approved Decem-
ber 20, 1860.  The exemption claimed is contained in section
three of the act, which is as follows:

"Section 3.  Ten acres of ground, to each academy or
corporation, with the buildings and property thereon, books,
apparatus and whatever else may be used in carrying on said
academies, respectively, shall be exempt from all taxation, State,
county, municipal and special, during the existence of this
charter."

Section one of the act provides that the charter shall con-
tinue for 90 years.

It is conceded that the improvement districts were properly
formed, and that the lots in controversy are situated within the
boundaries of the respective districts.  The sole question to be
determined is whether the property is exempt by the provisions
of the act above referred to.

The act in question was passed under the Constitution of

1836. Under that Constitution, the Legislature had authority to exempt property from taxation. *Oliver* v. *M. & L. R. Rd. Co.,* 30 Ark. 128.

The Constitution of 1874 exempts certain classes of property from taxation. This court has construed this constitutional exemption to refer to taxes for general purposes of revenue, and has held that such property is liable for assessments for local improvements. *Ahern* v. *Board of Improvement Dist. No. 3, Texarkana,* 69 Ark. 68; *Board of Improvement* v. *School District,* 56 Ark. 350.

Appellee contends that this construction should not be placed upon exemptions provided for in a private act granting a charter, and that such a case is entirely different from an exemption found in the general revenue law.

The statute in question conferring corporate powers upon appellee and exempting it from all taxation is to be regarded as a contract between the corporators on the one hand and the State on the other; and each is entitled to the benefit of all the stipulations contained therein. We can see no good reason why any word used in the contract should be given any other than its usual and ordinary meaning. In the case of *Sanders* v. *Brown,* 65 Ark. 498, the court held that a local assessment is not a "tax," within an exception in a covenant of warranty of the taxes for a certain year, and in support of its holding cited the case of *McGehee* v. *Mathis,* 21 Ark. 40. The latter case had been decided under the Constitution of 1836 and recognized the difference between taxes and assessments. Each has a distinct legal meaning, and the word "tax" does not include assessments.

Counsel for appellee urges that the word "special," used in the act in question with "taxation," refers to local assessments. In support of their contention, they call the court's attention to the following: "The charter of a private corporation, exempting from the imposition of any tax or assessment all its property and effects, exempts it from assessment for benefits for local improvements." Hamilton on Special Assessments, § 316.

A reference to the cases cited by the author will show that all of them contained the words "taxes" and "assessments," and the court in each case recognized that they had a distinct meaning, and that one was not included in the other. The case of *Bright-*

*man* v. *Kirner,* 22 Wis. 53, cited by appellee, does not support its contention. The exemption there was against taxes and assessments. The cases of *Southern Ry. Co.* v. *Jackson,* 38 Miss. 334, *State* v. *Newark,* 27 N. J. L. 185, *Richmond* v. *Richmond & Danville R. Co.,* 21 Grat. 604, cited by appellee, do not sustain its contention, because the tax attempted to be assessed in each of the cases was a municipal tax, and was in no sense an assessment for a local improvement. The only cases which in our judgment sustain his contention are *Harvard College* v. *Board of Aldermen,* 104 Mass. 470, and *Olive Cemetery Co.* v. *Philadelphia,* 93 Pa. St. 129, and these cases are opposed to the weight of authority and to the better reasoning.

"An assessment of benefits for local improvements has never been regarded as a tax, or termed such in legislative proceedings, in our public or private laws, or in popular intercourse." *City of Bridgeport* v. *New York & New Haven Rd. Co.,* 36 Conn. 263.

We think the words "special taxation," used in the act, refer to special taxes levied and collected after the manner of general taxes, such as road and school taxes. The statutes in force at the time of the passage of this act authorized the levy of a road tax upon petition of a majority of the inhabitants of a county, and the Legislature, no doubt, had in mind this and such taxes similar to it as might afterwards during the existence of the charter be legally levied.

On February 10, 1851, an act was passed by the General Assembly of the State of Illinois incorporating the Illinois Central Railroad Company. By it the company was made the beneficiary of a land grant from Congress to the State, and the said corporation was exempted "from all taxation of every kind except as herein provided for." In construing this act the Supreme Court of the United States held that an exemption from taxation is to be taken as an exemption from the burden of ordinary taxes, and does not relieve from the obligation to pay the cost of local improvements. *Illinois Central Rd. Co.* v. *Decatur,* 147 U. S. 190.

In the case of *State* v. *Newark,* 36 N. J. L. (7 Vroom) 478, the act incorporating the prosecutors declared that their property should not be subject to taxes or assessments, and the court

held that the words "taxes" and "assessments" are not synonymous, and that they exempt the property from assessments for benefits as well as from taxes for general revenue for public use. Dodd, J., in his opinion said: "The distinction in the legal meaning of the words is recognized and acted on in the decided cases in this State where the attempt has been made to obtain exemption from these special assessments, on the ground that they were included within the word 'taxes.' These cases have been cited to sustain the judgment below, but they go wholly and decisively, I think, to a contrary result. They establish clearly that assessments are not taxes, in the ordinary legislative sense of the words. They so expressly declare. In the case of the *City of Patterson* v. *The Society for Establishing Useful Manufactures, etc.,* 4 Zab. 385, the expense of grading and paving a street had been assessed upon lots owned by the defendants, and such assessments were held by the Supreme Court not to be a tax within the meaning of the defendant's charter, which exempted their property from 'all taxes, charges and impositions under the authority of the State.' It was said that the words 'taxes, charges and impositions,' specified in the charter, were manifestly those only for public and general use. The same view was taken in the *State* v. *Newark,* 3 Dutcher, 185. An assessment for benefits was discriminated from taxes or impositions. In neither case was the word 'assessment' employed in the exempting clause of the charter. This recognition by our own courts of the essential difference between the words 'taxes' and 'assessments,' as expressive of essentially different things, would seem to be conclusive against holding them, in this case, to be simply identical in meaning."

Their distinction in meaning is clearly recognized in the case of *Emery* v. *San Francisco Gas Co.,* 28 Cal. 345, and also in the case *First Division of the St. P. & Pac. Rd. Co.* v. *St. Paul,* 21 Minn. 526.

In the State of Rhode Island it has been held that, though technically speaking a street assessment is a tax, the word "taxation," as ordinarily used, does not include assessments for local benefits. In the case of *Swan Point Cemetery* v. *Tripp,* 14 R. I. 202, the exemption was sustained because the exemption

clause in the charter contained the words "taxes and assessments."

In the case of *McMillan* v. *Tacoma,* 67 Pac. 68, it was held that a special assessment was not included within the term "special tax," and that the latter applied to road and school taxes.

The distinction between a special tax and an assessment for local benefits or improvements has been recognized in the cases of *Farrer* v. *St. Louis,* 80 Mo. 379, and *Lamar Water & Electric Light Co.* v. *Lamar,* 32 L. R. A. 164.

In the case of the *Roosevelt Hospital* v. *New York,* 84 N. Y. 108, where a provision in an act incorporating a charitable institution in the city of New York exempted its real estate from taxation, it is held that such real estate is not thereby exempted from an assessment for a local improvement; that the assessment was not taxation within the meaning of the act. To the same effect, see *Zabel* v. *Louisville Baptist Orphans Home,* (Ky.) 13 L. R. A. 668; *Sheehan* v. *Good Samaritan Hospital,* 50 Mo. 155.

Ordered that the cause be reversed and remanded to said chancery court with directions to dismiss the complaint for want of equity.

HILL, C. J., not participating.