(75 South. 889)
MOBILE LIGHT & R. CO. v. CITY OF MOBILE. (1 Div. 984.)

(Supreme Court of Alabama.   May 10, 1917.)

1. TAXATION ⬤══382—GROSS EARNINGS—CONSTRUCTION — "TAXES ACTUALLY ASSESSED AND PAID."

An ordinance of the city of Mobile, granting a franchise to a light and railroad company, provided that to ascertain the compensation due the city by the company a sworn statement should be made by the representative of the corporation April 1st each year showing the gross income of the company, giving in detail its sources and deductions claimed for taxes actually assessed and paid, etc. *Held*, that the words "taxes actually assessed and paid" were used in their general and broad acceptation to include all rates or sums levied upon and paid by the company for governmental purposes, either for the use of the nation, state, county, or city, and included license or privilege taxes, as well as a property tax.

[Ed. Note.—For other cases, see Taxation, Cent. Dig. § 633.]

2. TAXATION ⬤══382 — GROSS EARNINGS — FRANCHISE ORDINANCE — CONSTRUCTION — "TAXES ACTUALLY ASSESSED AND PAID."

The words "taxes actually assessed and paid" did not include assessments for street improvements.

[Ed. Note.—For other cases, see Taxation, Cent. Dig. § 633.]

3. TAXATION ⬤══394 — GROSS EARNINGS — STREET RAILROADS—FRANCHISE—COMPENSATION TO CITY—LINES INVOLVED.

Where an ordinance of the city of Mobile granting its franchise to a light and railroad company, after providing the per cent. of gross income to be paid to the city as compensation for the franchise, stated that the per cent. should be computed on the gross earnings of the entire system of the road, both within and without the city, the percentage of receipts due the city was computable on the gross earnings of the entire system, including a line which, though out of the city, was an integral part of the system, and was used in connection with lines within the city, and another line constructed under a later ordinance making the franchise subject to the duties and obligations of the former franchise, with an exception.

[Ed. Note.—For other cases, see Taxation, Cent. Dig. § 669.]

Appeal from Circuit Court, Mobile County; Saffold Berney, Judge.

Action by the City of Mobile against the Mobile Light & Railroad Company, a corporation, for taxes, and for breach of the terms of an ordinance granting defendant a contract. From a judgment for plaintiff, defendant appeals. Corrected and affirmed.

Section 23 of the ordinance granting the franchise is as follows:

In order to ascertain the amount of compensation due the city of Mobile by said company, their successors and assigns, under the provi-

sions of this ordinance, a sworn statement shall be made by the proper representative of said corporation, their successors or assigns, annually on the 1st day of April in each year, showing the gross income of said company, or their successors and assigns, giving in detail the sources thereof, and the deduction claimed for taxes actually assessed and paid; and the city clerk, or a person designated by him, shall have free access to all the books, papers and documents of said corporation, their successors and assigns, for the purpose of ascertaining such gross receipts.

Section 22 fixes the following as compensation for said franchise: One-fourth of 1 per cent. for the first 10 years; one-half of 1 per cent. for the second 10 years; 1 per cent. for the third 10 years, etc.

The ordinance was adopted and approved in September, 1901.

Harry T. Smith & Caffey, of Mobile, for appellant. Robert H. Smith, of Mobile, for appellee.

ANDERSON, C. J. [1] The main question for determination upon this appeal involves the meaning of the words "taxes actually assessed and paid," as used in section 23 of the ordinance under which the appellant acquired its franchise, and which said section is set out in the report of the facts. We think that the words above quoted were used in the general and broad acceptation of same, and include all rates or sums levied upon and paid by the defendant for governmental purposes, either for the use of the nation, state, county, or city, and included license or privilege taxes as well as a property tax. Webster's Dict.; Ætna Ins. Co. v. Jones, 78 S. C. 445, 59 S. E. 148, 13 L. R. A. (N. S.) 1147, 125 Am. St. Rep. 818; Jackson's Case, 143 Cal. 564, 77 Pac. 457; State v. Chicago, M. & St. P. R. Co., 128 Wis. 449, 108 N. W. 594.

[2] We do not think, however, that the words "taxes actually assessed and paid" included assessments for street improvements, as the weight of authority makes a distinction between taxes levied for governmental purposes and local assessments for street improvements. Board of Improvement v. Sisters of Mercy, 86 Ark. 109, 109 S. W. 1165; Farnham v. City of Lincoln, 75 Neb. 502, 106 N. W. 666; Des Moines & Mississippi Levee District v. Chicago, B. & Q. R. R. Co., 240 Mo. 614, 145 S. W. 35, 39 L. R. A. (N. S.) 543. In fact, our own court held in the case of Troy v. Protestant Epis. Church, 174 Ala. 380, 56 South. 982, Ann. Cas. 1914B, 815, that an assessment for street improvements of a permanent character was not an ordinary tax to be borne exclusively by a life tenant, and our Constitution deals separately with taxation and assessments for street improvements. Birmingham v. Klein, 89 Ala. 461, 7 South. 386, 8 L. R. A. 369. It may be true that this defendant was not an abutting owner, so as to come within the provision of the Constitution as to the collection of a betterment assessment; but the requirement to do certain paving by it was no doubt a condition precedent to the right to use the street, and was not the imposition of a tax for governmental purposes, but was the mere requirement of a street improvement for the privilege of laying its track upon said street.

We therefore hold the plaintiff was not entitled to recover the part of the defendant's earnings based upon a deduction for taxes paid either upon property or as a license or privilege tax, whether to the federal, state, county, or city government, but was entitled to recover so much of the earnings as were withheld because of the cost of the paving assessment, and which we estimate at $513.04.

[3] Section 22 of the ordinance, after providing the per cent. to be paid the city, says:

"The percentage herein provided for is to be computed upon gross earnings on the *entire system of said railroads both within and without the city of Mobile.*" (Italics supplied.)

The Magazine Point line, though out of the city, was an integral part of the system, and was used in connection with lines within the city in transporting passengers into and without the city. The Congress Street line was constructed under a later ordinance, but the grant or franchise was thereby made subject to the duties and obligations of the former franchise, with an exception as to time and the right to collect an additional sum of $50 each year. It therefore appears that the percentage due the city should be computed upon the gross earnings of the entire system, whether within or without the city, and the only deduction to be made therefrom before computing the percentage due the city is the tax assessed and paid and as heretofore defined.

We therefore hold that the city was entitled to recover its percentage on the earnings deducted from the Magazine and Congress Street lines, and which is as follows, $261.56, and which, together with the amount due upon the paving assessment, amounts to $774.60, and for which a judgment is here rendered. The judgment of the circuit court is accordingly corrected, and, as corrected, is affirmed.

Affirmed. Appellee is taxed with cost of appeal, and appellant is taxed with all costs in the lower court.

MAYFIELD, SOMERVILLE, and THOMAS, JJ., concur.