## BRADFORD et al. v. CITY OF HUNTS-VILLE. (8 Div. 911.)

Supreme Court of Alabama. March 31, 1927.

**1. Municipal corporations ⬧405—Statutory and constitutional provisions relating to general taxation have no application to special assessments.**

Although right to assess abutting property for cost of local improvement involves exercise of taxing power, provisions in statutes and Constitutions relating to general taxation have no application to special assessments, laid against abutting property to pay for street improvements, which have benefited property assessed and enhanced its value.

**2. Municipal corporations ⬧564—Expression, "other taxes," in limitation of actions, held not to include local assessments (Code 1923, § 8945).**

In Code 1923, § 8945, limiting time of actions by state and its subdivisions for recovery of amounts claimed for licenses, franchise taxes, or other taxes, expression, "other taxes," held not to include local assessments, but means taxes of same general character as license and franchise taxes.

**3. Municipal corporations ⬧516—Bill to enforce lien for improvement assessment held sufficient as against collateral attack upon assessment proceedings.**

Bill to enforce lien for improvement assessment, setting out initial ordinance under which was levied assessment in dispute, and appending later ordinance confirming initial, which referred to initial ordinance as amended, but did not show amendment, held sufficient as against collateral attack upon assessment proceedings.

**4. Municipal corporations ⬧444—Mere reference in confirming ordinance to initial ordinance as amended did not invalidate proceeding resulting in decree assessing cost of improvement.**

Mere reference, in ordinance confirming initial ordinance under which was levied assessment in dispute, to initial ordinance as having been amended, without more, did not suffice to establish lack of authority for proceeding resulting in decree assessing cost of improvement *against defendant's property.*

**5. Municipal corporations ⬧567(1)—Description of property, in bill to enforce lien for improvement assessment, held sufficient.**

Description of defendant's property, "situated in city of Huntsville, Madison county, Ala., viz., lot No. 5, block 321, according to Quigley's map of the city of Huntsville, Ala., on file in office of clerk of said city" in bill to enforce lien for assessment for improvement of street, *held* sufficient.

Appeal from Circuit Court, Madison County; James E. Horton, Judge.

Bill in equity by the City of Huntsville against H. S. Bradford and others to enforce a lien for improvement assessment against the property of defendants. From a decree overruling demurrer to the bill, defendants appeal. Affirmed.

The property involved is thus described in the bill:

"* * * Situated in the city of Huntsville, Madison county, Ala., viz., lot No. 5, block 321, according to Quigley's map of the city of Huntsville, Ala., on file in the office of the clerk of said city."

Lanier & Pride, of Huntsville, for appellants.

This suit is barred by the statute of limitation of five years. Code 1923, § 8945; State v. Acacia Mutual Life Ass'n, 214 Ala. 628, 108 So. 756; 4 Dillon, Municipal Corp. 1431; 37 Cyc. 711; French v. Barber Asphalt Co., 181 U. S. 324, 21 S. Ct. 625, 45 L. Ed. 879; I. C. R. Co. v. Decatur, 147 U. S. 190, 13 S. Ct. 293, 37 L. Ed. 132. The bill is subject to demurrer for failure to set forth the amended ordinance under which the assessment was made. The property is insufficiently described. Dane v. Glennon, 72 Ala. 160; Lodge v. Wilkerson, 174 Ala. 133, 56 So. 994; Jones v. Pelham, 84 Ala. 208, 4 So. 22.

S. H. Richardson and Douglass Taylor, both of Huntsville, for appellee.

Section 8945 of the Code of 1923 does not apply to assessments for public improvements. Mayor, etc., v. Klein, 89 Ala. 461, 7 So. 386, 8 L. R. A. 369; Troy v. Episcopal Church, 174 Ala. 380, 56 So. 982, Ann. Cas. 1914B, 815; Mobile L. & R. Co. v. Mobile, 200 Ala. 141, 75 So. 889; 1 Page & Jones, Tax. by Asst. 67. On collateral attack of assessment, it is sufficient to show an initial ordinance, notice and final ordinance fixing assessment. Birmingham v. Wills, 178 Ala. 198, 59 So. 173, Ann. Cas. 1915B, 746; Woodlawn v. Durham, 162 Ala. 565, 50 So. 356; Garner v. Anniston, 178 Ala. 430, 59 So. 654. A description by reference to map or plat is sufficient. 8 R. C. L. 1079; Thrasher v. Royster, 187 Ala. 350, 65 So. 796; Turk v. Turk, 206 Ala. 312, 89 So. 457; Code 1923, § 2207.

SAYRE, J. Appellee levied an assessment upon the property of appellants for the improvement of the contiguous street. Appellants made payment by installments for 4 or 5 years, and then ceased to pay. Ten years after the last payment the city filed this bill to enforce the alleged lien of the assessment for the unpaid balance. The main question is whether the proceeding is barred by the second subdivision of section 8945 of the Code of 1923, a part of the chapter on the limitation of actions and reading thus:

"Within five years—

* * * * * * *

"2. All actions by the state or any subdivision thereof for the recovery of amounts claimed for licenses, franchise taxes, or other taxes."

The circuit court, sitting in equity, held that the appellants' bill was not barred.

[1] That the right to assess abutting property for the cost of a local improvement involves an exercise of the taxing power cannot be denied. French v. Barber Asphalt Co., 181 U. S. 324, 21 S. Ct. 625, 45 L. Ed: 879; 4 Dillon Mun. Corp. § 1431. This, the cases decided by this court do not deny or question. But it is equally clear that in some important particulars an assessment differs from an ad valorem tax, and so it was held in Birmingham v. Klein, 89 Ala. 461, 7 So. 386, 8 L. R. A. 369, that provisions, whether in statutes or Constitutions, relating to general taxation for state, county, or municipal purposes, have no application to special assessments laid against abutting property to pay for street improvements, which have benefited the property so assessed and enhanced its value. This was in agreement with authorities everywhere and has been followed by this court. Troy v. Episcopal Church, 174 Ala. 380, 56 So. 982, Ann. Cas. 1914B, 815; Mobile Light Co. v. Mobile, 200 Ala. 141, 75 So. 889.

[2] Whether the expression, "other taxes," at the conclusion of the subsection quoted above, was intended to include local assessments is, of course, a question of legislative intention. In 1 Page & Jones on Taxation by Assessment, § 39, authorities are cited to the proposition that:

"In the absence of anything to show the specific intention of the Legislature, the general rule is that the local assessment possesses such marked peculiarities differentiating it from the tax in the more limited sense of the term, that the use of the term, 'tax,' does not prima facie show an intention to include local assessments."

In the recent case of State v. Acacia Mutual Life Ass'n, 214 Ala. 628, 108 So. 756, construing the above-quoted section of the Code, the court quoted from 25 Cyc. 990, as to the construction of statutes of limitation:

"It may be laid down as a general rule that they are entitled to receive, if not a liberal, at least a reasonable, construction in furtherance of their manifest object,"

—viz., to set at rest such claims, in that case a penalty imposed for the failure to pay a license tax, although actions for such penalties are not named in the statute. In the present case we are reminded of that deliverance, and it is suggested that the principle there stated and illustrated should operate to bring the case shown by the bill within the influence of the subdivision. There is force in the suggestion, but the court now prefers to follow, as more consonant with legal principle and practice, the suggestion of the text quoted from Page & Jones, supra, nor does the court find in other parts of the subdivision in question; that is to say, the mention of licenses and franchise taxes, any sufficient reason for holding that the expression, "other taxes," means anything other than ad valorem taxes, or, in any event, taxes of the same general character as license and franchise taxes. Therefore the court holds that as for the ground disclosed by what has been said the demurrer was overruled without error.

[3, 4] The bill sets out the initial ordinance under which was levied the assessment in dispute. It also appends a later ordinance confirming the initial, fixing the amount of the assessment against each piece of property, ordering notice to property owners, etc., and this ordinance refers to the initial ordinance as amended, but does not show the amendment. As against collateral attack upon the assessment proceedings, it suffices to show a competent initial ordinance, notice, and final ordinance fixing the amount of the assessment against each lot contiguous to the street to be paved. Birmingham v. Wills, 178 Ala. 198, 59 So. 173; Woodlawn v. Durham, 162 Ala. 565, 50 So. 356; Garner v. Anniston, 178 Ala. 430, 59 So. 654. The court thinks that the mere reference in the last ordinance to the initial ordinance as having been amended, without more, does not suffice to establish a lack of authority for the proceeding, which resulted in a decree assessing the cost of the improvement against appellant's property, and, therefore, that the ground of demurrer taking this point against the bill was properly overruled.

[5] The court is also of the opinion that the description of appellant's property in the bill was sufficient.

The decree must be affirmed.

ANDERSON, C. J., and GARDNER and BOULDIN, JJ., concur.