(117 So. 419)

## BROGLAN v. CITY OF HUNTSVILLE.
### (8 Div. 8.)

Supreme Court of Alabama. June 7, 1928.

Cooper & Cooper, of Huntsville, for appellant.

Douglass Taylor and S. H. Richardson, both of Huntsville, for appellee.

THOMAS, J. █ The case of Bradford v. City of Huntsville, 215 Ala. 591, 112 So. 200, determines appellant's insistence as to the application of § 8945 of the Code—that it is not applicable to special assessments in question. So, also, did it dispose of, adversely to appellant, the insistence that the description of property employed to enforce the lien for improvement assessment was insufficient.

█ The bill set out the initial ordinance and that confirmatory thereof fixing the amount of the assessment against each piece or parcel of property, the order for due notice to the property owner, etc. As against collateral attack it is sufficiently shown that due and legal proceedings for the assessment, the initial ordinance, notice, final ordinance fixing the amount and lien against the contiguous lot to the street so paved or improved, were made. Stovall v. City of Jasper, post, p. 282, 118 So. 467; Bradford v. City of Huntsville, supra.

█ The original pleading is before us. The fact that counsel's names are signed by a typist is not a substantial failure of compliance with Circuit Court Rule, 4th vol. of the Code, p. 912, in Equity No. 14. White v. White, 206 Ala. 231, 89 So. 579. No question of the authority of the counsel in the premises is presented. Norman v. Burns, 67 Ala. 248, 251.

█ There was compliance with Chancery Rule 75, 4th vol. of the Code, p. 930. The recital in the record of the "Note of Testimony" is:

"The State of Alabama, Madison County. Circuit Court in Equity. City of Huntsville, Alabama, a Municipal Corporation, Complainant, v. William Broglan, Defendant. No. 2502. In this cause complainant submits for final decree on its original bill, with exhibits and decree pro confesso against defendant William Broglan."

And the recital in the decree as to this is:

"This cause coming on to be heard for final decree on the original bill and exhibits thereto and decree pro confesso against the defendant on personal service and same being considered."

Thus, there was compliance with the mandatory provisions of the rule. Tatum v. Yahn, 130 Ala. 575, 29 So. 201; Potts v. Court of Comm'rs, 203 Ala. 300, 82 So. 550; Lunday v. Jones, 204 Ala. 326, 85 So. 411; Brassell v. Brassell, 205 Ala. 201, 87 So. 347; Blackburn v. Moore, 206 Ala. 335, 89 So. 745; Crews v. State ex rel. Patterson, Sol., 206 Ala. 101, 89 So. 205; Conner v. State ex rel. Perry, Dep. Sol., 212 Ala. 360, 102 So. 809.

It is averred in the bill on which submission was had, with its exhibits, that made up the pleading (Grimsley v. First Ave. C. & L. Co., 217 Ala. 159, 115 So. 90), that—

While the original resolution for apportionment against lot 1, block 248 to the owner, Elbert Broglan, was in the amount of $315, on appeal "a copy of said resolution or order, in so far as it refers to and affects the above-described property is hereto attached as Exhibit B, and prayed to be taken as a part of this bill as if herein set out in full. And complainant avers that said assessment fixed a lien on said property paramount to any and all other liens on the same except for state and county taxes. And complainant avers that an appeal was taken from said assessment to the law and equity court of Madison county, Ala., and docketed in said court as case No. 484, and that on September 29, 1910, judgment was rendered in said court on said assessment in favor of the city of Huntsville, Ala., in the sum of $100, and fixing a lien for said judgment against the property hereinabove described, said judgment in said court in Minute Book 1, p. 239; and that nothing has been paid upon said judgment or said assessment to this complainant.

"Complainant avers that William Broglan is now the owner of the lot or parcel of land described in paragraph 5, above; that he claims to have a lien on said property paramount to the lien of complainant herein."

█ The Consolidation Act of 1915, p. 279, merging the law and equity court into the circuit court, preserved that decree and lien on the lot in question, as a debt of record and enforceable by the city of Huntsville on due application therefor, as against the lot and its owner. The pleading shows that the lien and amount thereof is fixed and limited to the judgment of $100 rendered in favor of the city of Huntsville, of date of September 29, 1910. The enforcement of its debt and lien can be for sum or the amount of the judgment of $100, with interest from said date. This was done and entered in the court below. A judgment may operate as a lien to the extent of the amount of the recovery. 34 C. J. p. 570 §§ 873, 874. As such it was a debt of record and properly made the foundation for the new action before us. Morris v. Birmingham Pub. Co., 217 Ala. 295, 116 So. 144; Ratchford v. Covington County Stock Co., 172 Ala. 461, 55 So. 806; Bradford v. City of Huntsville, supra.

The decree of the circuit court, in equity, is affirmed.

Affirmed.

ANDERSON, C. J., and SOMERVILLE and BROWN, JJ., concur.