5 So.2d 105

**HOWELL & GRAVES, Inc., v. CURRY, Com'r of Revenue.**

3 Div. 335.

Supreme Court of Alabama.

June 13, 1941.

Rehearing Denied Dec. 18, 1941.

Thos. S. Lawson, Atty. Gen., and John W. Lapsley and J. Edw. Thorton, Asst. Attys. Gen., for appellee.

Andrews & Almon, of Sheffield, and John H. Peach, of Decatur, for appellant.

LIVINGSTON, Justice.

This is a bill filed under and by virtue of the Declaratory Judgment Act, General Acts 1935, pages 777, et seq., Code 1940, Tit. 7, §§ 156-168, by Howell and Graves, a corporation organized under the laws of the state of Delaware, but qualified to do business in the state of Alabama, against John C. Curry, as Commissioner of Revenue of Alabama.

The bill seeks a declaration of complainant's rights relative to an assessment for foreign corporation franchise taxes made by the State Tax Commission (now the State Department of Revenue) in the year 1934. The cause was submitted on an agreed statement of facts. The controlling facts are substantially as follows: On March 15, 1934, complainant filed with the State Tax Commission of Alabama its return for foreign corporation franchise tax for the year 1934. The State Tax Commission computed the tax from the data thus supplied, and on August 1, 1934, entered on the return, in a space designated "this space for use of the State Tax Commission," the sum of $2,124.94, as and for the foreign corporation franchise tax assessment due by complainant for the year 1934. The return was then placed in the permanent records of the State Tax Commission in accordance with the following provision on the face of the return: "This corporation tax return is to be made a permanent record of the State Tax Commission and the amount of tax due as finally shown in this space has been approved. [Signed] S. R. Butler, Tax Commissioner."

Complainant admits that it received notice of the foregoing assessment, but does not admit that it was sent by registered mail.

On October 20, 1934, the State Tax Commission added a notation on the return, in the space marked "this space for use of the Tax Commission," as follows: "October 20, 1934, account good will see letter, $200.00." At the same time, and on the line on said return where it is stated "balance due," the commission entered the amount $1,924.94. Notice of the abatement was mailed to and received by the agent of complainant designated for that purpose. No further action of any kind was taken on the assessment for more than five years.

The bill alleges that now, more than five years after the final assessment was made, the State Department of Revenue (successor to the State Tax Commission) threatens execution on the assessment.

Complainant insists the assessment itself is invalid because of the failure of the Tax Commission to follow the provisions of General Acts of 1927, pages 139–181, in making the assessment. And, further, that the statute of limitation of five years bars the State's right to an execution on the assessment.

On the questions presented relative to the validity of the assessment, section 65 of the Revenue Act of 1927, supra, provides: "The State Tax Commission shall, as soon as possible after the required report has been filed with it by a foreign corporation, ascertain and assess the amount of franchise tax due by such corporation. Such

assessment shall be duly made and entered on the minutes of the commission and the commission shall thereupon notify such corporation by registered mail of the date and amount of the assessment. This assessment shall have the full force and effect of a judgment on which execution may be issued by the State Tax Commission, directed to any sheriff in Alabama, unless the corporation appeals from such assessment as allowed by this Act."

We are of the opinion that the action of the State Tax Commission on August 1, 1934, constitutes the final assessment in this case. No appeal was taken from that action of the Commission. Whether the action of the commission on October 20, 1934, in entering the decree abating the assessment in the sum of $200 on account of error of calculation in response to the letter calling attention thereto, served to extend the date of final assessment to this later date, is unnecessary to determine, and we leave that question to one side. This for the reason that the five year statute of limitation had been completed, whether the date was fixed in August or October. It is not inappropriate to direct attention to the Code of 1940, Title 51, section 357, which differs from the Act here involved making provision for notice and hearing and protest before final assessment.

Complainant contends that section 65, supra, seeks to impose a personal liability without personal service, and is violative of the Fourteenth Amendment of the Constitution of the United States under the authority of Pennoyer v. Neff, 95 U.S. 714, 24 L.Ed. 565. That case held that "a personal judgment rendered in a State Court, in an action upon a money demand against a non-resident of the State, without personal service of process upon him within the State or his appearance in the action upon service by publication is without any validity."

In the instant case complainant qualified under the laws of this State to do business within the State. In addition, it voluntarily filed a franchise tax return with the State Tax Commission for the purpose of having that department ascertain the amount due for the franchise tax for that year. It designated an agent with whom correspondence would be had relative to the tax. This action on the part of complainant, a foreign corporation, constituted an appearance sufficient upon which to predicate a personal judgment in this form of proceeding.

Section 65 of the Revenue Act, supra, provides that "such assessment shall be duly made and entered on the minutes of the commission." The minutes here referred to mean the written memoranda of the assessment of the franchise tax. No precise combination of words is necessary to the validity of a minute entry. The entering of the assessment for foreign corporation franchise tax on the return filed by the corporation for the purpose of having the tax assessed, and which is filed and preserved in the permanent files of the Tax Commission (now the Department of Revenue) is a compliance with that part of section 65, quoted above. Such is, and has been for many years, the administrative construction of the State Department of Revenue and its predecessor, the State Tax Commission. We see no good reason to alter or change that construction. See, Crist v. State, 21 Ala. 137; City of Talladega v. Jackson-Tinney Lumber Co., 209 Ala. 106, 95 So. 455.

It is insisted by complainant that the entry of the assessment, admittedly made on August 1, 1934, bears no date, and is therefore invalid in view of the requirements of section 65, supra. It is admitted that the following notice was mailed and received by complainant's agent, designated by complainant to receive such notice:

"State of Alabama
"Office of State Tax Commission,
"Montgomery, Ala.

"To: Howell & Graves, Inc., a corporation:
"You are hereby notified, as provided by law, that your franchise tax fixed for the year 1934, as determined by this Commission is as follows:

| "Tax at $2.00 per $1,000.00 | $2,124.94 |
| --- | --- |
| Interest | $ |
| 1% monthly penalty, | $ |
| $10.00 per day penalty, | $ |
| Total | $ |

"This amount must be paid by you on or before May 1st, or else a penalty of 1% per month and interest thereon must be added thereto, if a domestic corporation. Foreign corporations are required by law to remit the amount due as shown above within thirty days after notice of assessment as made by the State Tax Commission. The penalty of 1% per month and interest thereon is required by law after this date. Make check

126

payable to State Treasurer of Alabama, and mail to the State Tax Commission, Montgomery, Ala., using form to be detached below.

"Done at the capitol, in the city of Montgomery, this 1st day of August, 1934.

"The State Tax Commission of Alabama,

"By (Signed) S. R. Butler, "Chairman."

"Detach and return this with your remittance.

"To the State Tax Commission, Montgomery, Ala. S—C—

"Enclosed find (check) (money order) for $2,124.94, in payment of the amount due by this corporation for tax on its franchise for the year 1934, as fixed by the State Tax Commission of Alabama on return made by this company, as required by law.

(write name of corporation plainly)

By

(Name and title of official)

"No. F41273

"Delinquent Aug. 31, 1934

"Copy."

■ It will be observed that the notice advises complainant that "foreign corporations are required by law to remit the amount due within thirty days after notice of assessment, as made by the State Tax Commission," and that the tax would become "delinquent August 31, 1934." This is perhaps an imperfect notice of the date of the assessment, but in our opinion sufficient in this case on collateral attack.

Complainant admits receiving the notice hereinabove set out, but questions the sufficiency of the evidence introduced to support the finding of the lower court that the notice was sent by registered mail. In the absence of a denial, the evidence is sufficient to sustain the finding of the lower court. The instant case is readily distinguishable from the case of Birmingham News Co. v. Moseley, 225 Ala. 45, 141 So. 689. Here, the only issue was that of registration. The facts of writing, mailing and receiving the notice are admitted. The two witnesses whose duty it was to register notices of the kind here involved testified, in substance, that all such notices were sent by registered mail, that they performed their duty, and in their best judgment the notice mailed to complainant was sent by registered mail.

■ Since complainant admits the receipt of the notice of assessment, the reason for the registration has been satisfied. The

purpose of this provision as to the manner of service was to assure receipt of the notice: not to make the prescribed method mandatory so as to render the assessment invalid when the required written notice had actually been given and received. We think the legislature intended to provide a method which would afford sufficient proof of service when receipt of the required written notice was not shown.

Complainant relies on subdivision 2 of section 8945, Code 1940, Tit. 7, § 22, read in connection with 8941, Code of 1923, Code 1940, Tit. 7, § 18, as a bar to the issuance and levy of execution for the satisfaction of the assessment made by the Tax Commission. Section 8941, supra, provides: "All other civil actions must be commenced after the cause of action has accrued within the period prescribed in this Code, and not afterwards." Subdivision 2 of section 8945, supra, provides: "Limitation of five years.— Within five years—* * * 2. All actions by the state or any subdivision thereof for the recovery of amounts claimed for licenses, franchise taxes, or other taxes."

But the State contends that the provision in section 65 of the Act of 1927 (General Acts 1927, pages 139–181), that final assessments for foreign corporation franchise tax "shall have the full force and effect of a judgment on which execution may be issued by the State Tax Commission," take the foreign corporation franchise tax assessment from within the influence of subdivision 2 of section 8945, supra. That such an assessment is controlled by the limitations governing judgments generally. That subdivision 2 of section 8945, supra, employs the word "actions" in prescribing the limitation we are considering, and therefore it cannot be applied to the instant case because the contemplated proceeding to issue execution is in no sense an action; that the issuance of an execution, which is a final process, cannot be the commencement of an action.

■ This Court is committed to the view that statutes of limitation are entitled to receive if not a liberal, at least a reasonable, construction in furtherance of their manifest object. State v. Acacia Mutual Life Ins. Ass'n, 214 Ala. 628, 108 So. 756; Bradford v. City of Huntsville, 215 Ala. 591, 112 So. 200.

■ The manifest object of subdivision 2 of section 8945, supra, was to set at rest all claims by the State or any subdivision thereof for the recovery of amounts

claimed for licenses, franchise taxes or other taxes, after five years from the accrual thereof. The right to an execution in this case is statutory. It is a substitute for a suit to enforce the collection of a final assessment for a franchise tax. It cannot be controverted that any suit brought to enforce the collection of a final assessment for a franchise tax, more than five years after the assessment is made final, is subject to a plea in bar of the five years statute of limitations. Statutes of limitation are enacted in the interest of repose. Their remedial provisions are not to be construed narrowly. They rest on the presumption that meritorious claims will not be allowed to slumber until human testimony is lost or human memory fails.

Our interpretation of subdivision 2 of section 8945, supra, is that the word "actions" embraces all civil proceedings instituted or set on foot to enforce the tax liability. Mr. Bouvier says [1 Bouv. Law Dict., Rawle's Third Revision, p. 128]: "In a quite common sense, action includes all the formal proceedings in a court of justice attendant upon the demand of a right made by one person [or party] of another in such court, including an adjudication upon the right, and its enforcement or denial by the court." Martin v. Tally, 72 Ala. 23.

This action, whatever its form, if not asserted for more than five years after the liability is fixed by the final assessment, is barred by the statute of limitations of five years.

The decree of the lower court is not in accord with the views here expressed and must be reversed.

Reversed and remanded.

GARDNER, C. J., and BOULDIN and FOSTER, JJ., concur.