BRADLEY, Judge.
This is a tax case.
Henry E. Perry and Annie Mae Perry filed a declaratory judgment action in the Circuit Court of Morgan County on April 10, 1980 seeking to have a tax lien filed against them by the State Department of Revenue canceled and expunged from the records in the county probate judge’s office. The Department opposed the cancellation by way of an answer. On May 6, 1980 taxpayers filed a motion for summary judgment along with a supporting affidavit. The Department filed an affidavit in opposition to the motion for summary judgment. On July 31,1980 the trial court granted the summary judgment for taxpayers. The Department appeals. We affirm.
The undisputed facts show that the Department filed a tax lien against taxpayers for their failure to pay income taxes for the years 1964 and 1965. Some money was paid toward reducing the amount of income taxes owed the State but not enough to eliminate the tax indebtedness. There was outstanding at the time of trial an amount of $8,668.52 due on the 1965 assessment.
The taxpayers filed their action in 1980 asserting that the five year statute of limitation as set out in § 6-2-35, Code of Alabama 1975 had run on the State’s claim against them for the 1965 income taxes and that the certificate of lien should be shown as satisfied and canceled on the records in the Morgan County Probate Office.
The trial court agreed with the taxpayers and held that not only does § 6-2-35 bar, after five years, the recovery of the amount deemed to be owed as delinquent income taxes, but also bars any effort to enforce the lien imposed against taxpayers.
The State concedes that the expiration of the five year limitation period prevents the collection of the income taxes owed by taxpayers but says that it does not necessarily follow that the lien is invalid and should be canceled.
Section 6-2-35, Code of Alabama 1975 provides:
The following must be commenced within five years:

(2) Except as otherwise specifically provided for, all actions by the state or any subdivision thereof for the recovery of amounts claimed for licenses, franchise taxes or other taxes.
Taxpayers say here that if the State cannot collect the taxes owed because of the bar of the statute of limitation-and the State concedes that-then it would be wrong for the lien to remain of record in the probate office. They suggest that the trial court’s decision holding that § 6-2-35 applies equally to the tax lien as to the tax indebtedness and that the lien should be canceled of record should be upheld and cite us to the case of Howell & Graves, Inc. v. Curry, 242 Ala. 122, 5 So.2d 105 (1941).
In the cited case the State had assessed an out-of-state corporation with foreign -corporation franchise taxes and under the applicable statutes the assessment became final and enforceable unless there had been an appeal filed to the courts. No appeal had been filed and the State sought execution on this assessment. The taxpayer objected on the ground that the five year limitation statute had run for collecting this assessment and the State was barred from collecting it. The State argued that the limitation statute used the word “actions” and thus the limitation statute could not be used to bar the execution because an execution is in no sense an action within the meaning of the statute.
*662 The supreme court said the purpose of the limitation statute was to lay to rest all claims by the State for the recovery of taxes after five years. The court went on to say that an execution is a substitute for an action to enforce the collection of the franchise tax owed by the taxpayer and that the word “actions” as used in the limitation statute “embraces all civil proceedings instituted or set on foot to enforce the tax liability.” The court held the execution effort barred by the five year limitation period.
The State replies that the statute and cited case apply to the recovery of unpaid taxes but they do not apply to the cancellation of a tax lien. In support of its argument, the State relies on § 6-2-2(d), Code of Alabama 1975 which provides in part, “This chapter shall not apply to any liens to secure the payment of taxes.” Section 6-2-35 is in the same chapter of the Code as is § 6-2-2(d), and would appear to be a very specific legislative directive that the five year limitation period applicable to “actions” to collect delinquent taxes is not to apply to tax liens. Taxpayers have not argued nor have they cited any authority to the contrary.
Whether § 6-2-2(d) would be decisive of this controversy need not be decided because the statutory requirements of § 40-1-2, Code of Alabama 1975 determine the outcome of this case.
Section 40-1-2 provides in pertinent part as follows:
(a) If any person liable to pay any tax neglects or refuses to pay the same the amount, including any interest, penalty, additional amount or additionto such tax, together with any costs which may accrue in addition thereto, shall be a lien in favor- of the state of Alabama upon all property and the rights to property, real or personal, belonging to such person. ... [T]he lien .. . shall continue until the liability for such amount is satisfied or becomes unenforceable by reason of the lapse of time.
Section 40-1-2 provides for the imposition of a lien and also clearly provides that the lien shall remain in effect until the amount owed is satisfied or “becomes unenforceable by reason of the lapse of time.”
In the case at bar it is conceded that the claim for the unpaid taxes is barred by the limitation period and is unenforceable. Since the amount owed is uncollectible, the lien, by the very terms of the statute, cannot continue in effect and is, therefore, subject to being expunged from the record.
The trial court acted properly in holding that the lien was no longer valid and should be removed from the records of the Morgan County Probate Office. Its judgment is affirmed.
AFFIRMED.
WRIGHT, P. J., and HOLMES, J., concur.